### RHODES et ux. v. DALLAS JOINT STOCK LAND BANK OF DALLAS et al.
### No. 11885.

Court of Civil Appeals of Texas. Dallas.
Feb. 15, 1936.

Rehearing Denied March 14, 1936.

Geo. C. Cochran, of Dallas, for appellants.

Renfro, McCombs & Kilgore, of Dallas, for appellees.

BOND, Justice.

This is an appeal from a judgment for debt and foreclosure of deed of trust lien on real estate.

On April 15, 1928, T. R. Rhodes and wife, Lela Rhodes, the appellants, executed to the Dallas Joint Stock Land Bank of Dallas, the appellee, a promissory note in the sum of $5,000, payable in 65 equal semiannual installments of $175 each, and one last installment for $146.15, with interest thereon from said date until paid at the rate of 6 per cent. per annum, such method of payment being on the amortization plan and in accordance with the amortization tables provided by the Federal Farm Loan Board. The note provides that the installments are payable on the 1st day of July and the 1st day of January of each and every year for thirty-five years, the maturity date of said note, and that all payments not made when due shall bear interest from the due date to the date of payment at the rate of 8 per cent. per annum; and further provides that, after default is made in any payment, the holder thereof shall have the option, without demand or notice, to declare the remaining principal and interest thereon immediately due and payable, and exact of the makers 10 per cent. additional on the principal and interest as attorney fees.

Simultaneously with the execution of said note, the appellants executed to H. W. Ferguson, trustee, for the use and benefit of the Dallas Joint Stock Land Bank of Dallas, a deed of trust on real estate to secure the payment of said note and indebtedness. Said deed of trust also bore

an optional acceleration clause, as did the said note, authorizing the foreclosure and sale of the property, after giving notice, etc.

The appellants made default in the payment of the installments due on January 1, 1932, $163.74; July 1, 1932, $175; January 1, 1933, $175; July 1, 1933, $175, and January 1, 1934, $175, respectively, and, because of the failure to pay said installments, the payee in said note and beneficiary in the deed of trust exercised the option of declaring the balance of said note due; and, because of nonpayment, placed the note and deed of trust in the hands of attorneys for suit thereon, under the terms of the note and deed of trust.

The appellants, as pleaded and presented by evidence, challenged the right of the Dallas Joint Stock Land Bank of Dallas to exercise the option to accelerate the maturity of the note and to visit upon appellants a foreclosure and sale of the real estate under the terms of the note and deed of trust, and exact of appellants the full payment on account of the failure to pay the various installments. The appellants alleged, in effect, that the appellee agreed, or, by its acts and conduct, led them to believe that they may have a "reasonable time" after November 10, 1933, to procure money to pay the note and past-due installments; that the appellee would not exercise the option of acceleration for such "reasonable time," in order to enable the appellants to procure from another company a loan on the land with which to pay the note; further alleged that they relied upon the agreement, acts, and conduct of the appellee as to the extension of time, made application to a loan company to refinance the indebtedness, and made valuable improvements on the property on the strength thereof; and, that while the appellants were in the midst of procuring the loan and making improvements, the appellee declared the balance of the note due, placed the note in the hands of attorneys, and instituted the suit.

The case was tried to a jury, and at the conclusion of all the testimony, the trial court instructed a verdict in favor of the appellee for the balance due on the note, interest, and attorney fees, aggregating $6,203.03; and for a foreclosure of the deed of trust lien on the land in question; accordingly, judgment was entered.

The testimony of appellant, T. R. Rhodes, is the only affirmative evidence adduced on the issue. He testified that, on November 10, 1933, he had a conversation with an authorized agent of the Dallas Joint Stock Land Bank of Dallas, and was questioned and answered, as follows:

"Q. What did you state to him? A. Well, I told him that I had come back to go over with him my business.

"Q. What did he say? A. Well he said they needed the money and wanted to know if I could not get it for him. He asked me if I could not have it refinanced with some other company, that that would be the only way to pay it. He told me that he had some friends up at the Federal Loan Company, they would take the loan. * * *

"Q. What did the gentleman say? A. Why he told me they wanted the money and wanted me to get busy and get the loan through just as soon as I could.

"Q. While you were there did he call up a fellow? A. Well, I think he did.

"Q. Well, state what happened, go ahead? A. Well, I think he called for a fellow, * * *

"Q. Well, did he tell you anything else? A. Yes, he told me just go get busy and raise the money, and asked me if I thought I could make a new loan, and I told him that I thought I could.

"Q. What did he say then? A. Well, he said he could not sell it; I told him that it would take at least thirty days, and that it might take nine months, that it would take some time to get it through. Well, he says all we want is our money."

The witness testified that he made application to the Federal Loan Company for a loan, and, while waiting for a favorable consideration on the application, made improvements on the land to the amount of $60, and that a "reasonable time" to secure such loan was one year.

■ The evidence, in our opinion, does not establish that appellee agreed to wait a "reasonable time," or any definite period of time, for the appellants to procure the loan, or to wait until then to exercise the privilege granted it under the terms of the note and deed of trust. The testimony of the appellant is, to the effect, that appellee wanted its money and would co-operate with the appellants in procuring it from another company. The company made no agreement as to extension of time for payment, nor could the appellants have

reasonably concluded by the related conversation that the appellee would wait on them for such an indefinite time as to enable them to procure a loan from some other company. If the evidence had shown that appellee agreed to forego the acceleration privileges granted it by the terms of note on appellee's promise to pay the note, or installments, at a definite time, such agreement would have shown a valid contract. The purported agreement, however, under the testimony, does not, in our opinion, bind appellants to pay the note or installments at any definite time; but imports merely a grant, allowing appellants to procure the money from some other source, if they may, and apply such to the liquidation of the debt. The appellee made no agreement as to the time within which to get the money, and certainly a "reasonable time" cannot be inferred to make a valid contract. This is too indefinite and will not support a contract; and, further, such agreement must be mutual. Workman v. Ray (Tex.Civ.App.) 180 S.W. 291.

It is a well settled rule of law that an optional acceleration of maturity of a note can be waived by the acts and words of one who holds right of election; but, neither party, by his separate action or nonaction, could impair the rights of the other. The acts and words relied upon must be such as to justify the other in believing and acting upon the belief that the right will not be exercised without granting the other an opportunity to protect himself by payment from the penalties incident to the acceleration. San Antonio Real-Estate, Building & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am. St.Rep. 864; Diamond et al. v. Hodges (Tex.Civ.App.) 58 S.W.(2d) 187. To extend the time, however, for the acceleration, after the right had accrued, the agreement must be based upon a valid contract, stating a definite time for performance and not leaving the right suspended on uncertainties. We think the acts and words of appellee's agent, demanding payment, and expressing a wish for the refinancing of the loan, do not imply that the company agreed to extend the right of acceleration for a "reasonable time," to enable the appellants to make application for and procure a loan to refinance the debt, which, in itself, is shown to be uncertain, depending upon favorable consideration by another third party.

The appellants challenge the amount of the judgment rendered, erroneously calculated on the balance due on the principal, with interest; the past-due installments with interest; and the attorney's fee. The amount of the judgment, rendered on February 27, 1934, is $6,203.03, as of that date, calculated on the basis of the amount due on the principal note and each installment, with 8 per cent. interest from their maturities date, respectively, to the date of judgment, plus the attorney's fee. The unpaid principal of $4,679.86, with 8 per cent. interest from January 1, 1934, to date of the judgment, $59.28; January 1, 1932, installment, $163.74, with 8 per cent. interest from maturity to date of the judgment, $28.27; July 1, 1932, installment, $175, with 8 per cent. interest from maturity to date of judgment, $23.22; January 1, 1933, installment, $175, with 8 per cent. interest from maturity to date of judgment, $16.22; July 1, 1933, installment, $175, with 8 per cent. interest from maturity to date of judgment, $9.22; January 1, 1934, installment, $175, with 8 per cent. interest from maturity to date of judgment, $2.22; and the attorney's fee of 10 per cent. on the principal and interest, $568.20, make the aggregate of $6,250.23. Manifestly, there is no error in favor of appellants in the calculation of the amount due. If an error in the calculation did appear, such would not be ground for a reversal of the cause; it would devolve upon this court merely to correct the judgment and affirm the case. The error in calculation is against the appellee in the sum of $47.20, but, as it does not seek the correction, the judgment stands.

The assignments are overruled; judgment of the lower court affirmed.

Affirmed.