## BARNHART et al. v. SAN ANTONIO JOINT STOCK LAND BANK et al.

### No. 10417.

Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1939.

Harry B. Barnhart, of Dallas, and C. S. Arnold, of San Antonio, for appellants.

Brooks, Napier, Brown & Matthews, of San Antonio, Nelson Jones, of Houston, and John J. Cox and Wm. F. Koch, both of San Antonio, for appellees.

SLATTON, Justice.

Richard T. Barnhart and other heirs at law of Alice Barnhart, deceased, filed this suit in the District Court of Frio County on the 23d day of February, 1937, against the San Antonio Joint Stock Land Bank and the Humble Oil and Refining Company, seeking to recover approximately 3,-092 acres of land. Said parties alleged they were the owners of the land and were dispossessed. It was further averred that on February 15, 1927, said Alice B. Barnhart, a widow, was the owner and in possession of the land and on said date executed and delivered her promissory note wherein she promised and became bound to pay said Bank the sum of Fifty Thousand Dollars ($50,000) with interest thereon from date until July 1, 1927, at the rate of six per cent (6%) per annum, and thereafter sixty-five amortization installments of $1,750 each, payable on the first days of January and July of each year, and a final and slightly less installment payable on July 1, 1960. To secure the payment of said note, according to its tenor and effect, the said Alice B. Barnhart executed a deed of trust upon said land. The note was alleged to contain the usual acceleration, and 10% collection fee clauses.

It was averred that said Alice B. Barnhart had made payments to the Bank upon said note aggregating $13,679.27, the last one of which was paid September 30, 1931. That on or about June 1, 1931, the said Alice B. Barnhart through her agent, R. T. Barnhart, requested of the Bank an extension of time within which to pay any and all amounts due upon the note on July 1, 1931, until at least January 1, 1932, which request was granted by the Bank upon the execution and delivery to it of an assignment of rentals and other money that might be derived from said land. The assignment was accepted by the Bank, and by such acceptance the extension agreement became effective; thereupon the Bank was estopped to demand payment of any part of the note prior to January 1, 1932.

It was averred that on December 26, 1931, the Bank illegally declared the note due, the trustee named in the deed of trust resigned, a substitute trustee was named, and on Feb. 2, 1932, pursuant to such acts of the substitute trustee, made a purported sale of said land to the said Bank.

It was further averred that on October 10, 1933, the said Alice B. Barnhart, then a widow, departed this life, intestate, in Travis County, Texas, leaving surviving her as her sole heirs at law the parties bringing this suit. That no administration was had on the estate of Alice B. Barnhart, deceased. That the Bank, on or about February 2, 1932, evicted said Alice B. Barnhart and subsequently executed an oil and gas lease to the Oil Company.

The Bank and the Oil Company answered separately. Both pleaded limitation by special exception. Such pleas were sustained by the court and upon the refusal to amend the suit was dismissed. Hence this appeal.

■ The appellants pleaded their title by a special plea; having set forth their title, they are bound by it. In such case the sufficiency of the facts pleaded to state a cause of action may be tested by demurrer and the allegations of the action of trespass to try title contained in the petition may be disregarded in determining the sufficiency of such petition. Herndon et al. v. Hayter, Tex.Civ.App., 28 S.W.2d 885, writ refused. The appellants having pleaded a purchase of the land by the bank at a trustee's sale, before they could recover the land the trustee's deed must be set aside, unless the facts stated by the appellants show that the sale by the trustee is void. The facts which the appellants say render the trustee's sale void, are the extension of all installments due upon the note to January 1, 1932, the declaration by the substitute trustee made on the 26th day of December, 1931, that the note was due under the acceleration clause and the sale by the trustee to the Bank, on February 2, 1932. Thus before the sale, under the allegations of the appellants, an installment became due on January 1st, 1932, and at the time of the sale there was an amount due upon the note. Under these facts the trustee's sale cannot be said to be void, without an allegation that a tender of the amount actually due was made. Hemphill v. Nathan Watson, 60 Tex. 679. Thus, it is seen that appellants' action is not one for the recovery of real estate but to avoid the trustee's deed to the Bank, which will require the equity powers of the Court, and therefore is barred by the four-year statute of limitation.

■ It appears from the pleadings of appellants that the deed was executed by the trustee on February 2, 1932, and recorded February 5, 1932. It further appears that appellants filed this suit on February 23, 1937. Allowing one year for the suspension of the statute on account of the death of Alice B. Barnhart, who died after such sale, more than four years elapsed between the sale and the filing of this suit. The trial court correctly sustained the exceptions and dismissed the suit. Carl et al. v. Settegast, Tex.Com.App., 237 S.W. 238; Groesbeck v. Crow, 91 Tex. 74, 40 S.W. 1028; Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, writ refused; Art. 5529, R.C.S. 1925.

The judgment is affirmed.