**Michael C. WHALEN, Appellant,**

v.

**J. B. ETHERIDGE et al., Appellees.**

**No. 14660.**

Court of Civil Appeals of Texas.
San Antonio.

May 15, 1968.

Rehearing Denied June 12, 1968.

Marvin Foster, Luther E. Jones, Jr., Corpus Christi, for appellant.

Davis, O'Connor, & Pullen, Bruce Robertson, Jr., San Antonio, for appellees.

KLINGEMAN, Justice.

Suit by appellant, Michael C. Whalen, herein called Whalen, for wrongful foreclosure under a deed of trust securing a promissory note executed by Whalen to J. B. Etheridge and wife, Pearl T. Etheridge, herein called Etheridge, to set aside the trustee's sale in said foreclosure, and for title and possession of the property covered in said deed of trust. Appellees Etheridge, by counter-claim, sought a deficiency judgment upon said promissory note and, in the alternative, for judgment for the total balance due thereon, and for judicial foreclosure of the deed of trust. Appellee C. W. Nugent, herein called Nugent, a subsequent purchaser of the property involved, by way of counter-claim against Whalen, asked that his title be quieted and, in the alternative, for a reimbursement of the mortgage installments, taxes, costs of improvements and repairs paid by him. Trial was to a jury. After Whalen rested, the trial court granted the motions for instructed verdict of Etheridge and Nugent and rendered judgment that Whalen take nothing, that Etheridge recover from Whalen a deficiency judgment

in the amount of $25,067.31, and that the title of Nugent to the property in question be quieted.

Whalen asserts two points of error: "1. The trial court erred in granting the motion for instructed verdict filed by appellees J. B. Etheridge and wife and in thereby preventing appellant from seeking to obtain from the jury findings which had support in the evidence and which if returned would have required a decision that the foreclosure sale was invalid and would have insured that the only deficiency that could be adjudged against appellant was one computed after allowing to be credited on his mortgage debt the reasonable market value of appellant's equity in the property in question at the time of the foreclosure sale. 2. The trial court erred in granting the motion for instructed verdict filed by appellees J. B. Etheridge and wife and in thereby holding that the evidence was not sufficient to take to the jury appellant's ground of recovery claiming the foreclosure sale was invalid."

Whalen under date of December 11, 1963, executed and delivered to Etheridge a promissory note in the principal sum of $86,000, and a deed of trust securing said note on certain property in Bexar County, Texas, whereon a luxury apartment complex was located. Said note was payable in San Antonio, Texas, in monthly installments of $965.65 due on or before the fourth day of each month, beginning February 4, 1964. The lien securing said note was a third lien on such property, being inferior to a lien to Massachusetts Mutual Life Insurance Company in the principal amount of $900,000, and another lien to Westinghouse Credit Corporation in the principal amount of $161,850. The record discloses that Whalen made no payment on the Etheridge note after September, 1964, and at the time of the foreclosure sale there were some nineteen of such monthly installments unpaid, aggregating a total of $18,335. At the time of foreclosure Whalen was also delinquent in payments on his note to Massachusetts Mutual

Life Insurance Company, and his note to Westinghouse Credit Corporation, and there were delinquent ad valorem taxes against the property in the approximate sum of $35,000. The deed of trust contained a provision that the debtor covenanted that he would pay, before they became delinquent, all taxes and assessments levied against said premises, and provided that in the event of failure to do so, at the option of the holder of said debt, the entire principal indebtedness may be declared due. Said deed of trust also provided that it was specially agreed that in case of any sale thereunder all prerequisites to said sale would be presumed to have been performed. During the summer of 1965, Whalen decided to sell such property and it was listed for sale as early as September, 1965. In December, 1965, Whalen prepared a letter which was signed by Etheridge, concerning a rearrangement of the terms of the note into a renewal note in the event Whalen effected a sale or refinancing arrangement of the property involved, which letter is set forth herein under Footnote 3.

Under date of March 11, 1966, F. N. Welmaker, as attorney for Etheridge, wrote a letter to Whalen stating that Etheridge had placed such note in his hands for collection, default having been made in its payment; that said note had been matured and demand is made for payment in full, and that in the event said note is not paid said property would be sold on the first Tuesday in April, 1966, in accordance with the terms of the deed of trust secured by the property. There was enclosed with said letter a copy of the notice of trustee's sale. The letter closes with this statement: "You should take immediate action in the event you wish to avoid foreclosure and sale." On April 5, 1966, said property was sold at trustee's sale to Etheridge on his bid of $75,000. Whalen was present at such sale. After said sale, Etheridge took possession of the property and Whalen sold to Etheridge certain items of personal property which were used in the operation of the apartments. On May 5, 1966, Etheridge

conveyed said property to Nugent by general warranty deed, which conveyance was made subject to the Massachusetts Mutual Life Insurance Company lien and the Westinghouse Credit Corporation lien, and recites the execution and delivery by Nugent to Etheridge of one vendor's lien note in the principal sum of $100,000. The evidence discloses, however, that there was the sum of $14,318.50 credited on such note for security deposits and advance rentals which had been collected by Whalen, leaving a net balance of $85,681.50. The record further discloses that there was owing on the Whalen note to Etheridge at the time of foreclosure a sum of approximately $88,663.34, without taking into consideration the 10% attorney's fee provided for in said note, or the trustee's commission provided for in the deed of trust.

Whalen's contentions on this appeal can be summarized as follows:

(a) That Etheridge did not present said note to him for payment, either at his place of business or elsewhere, and did not otherwise give him notice of intention to accelerate the maturity of the note or make demand on Whalen to pay any delinquency, and that for this reason such foreclosure was invalid or, at least, fact issues as to its validity were raised which should have been submitted to a jury. The note in question had provisions for acceleration of maturity without notice[1] and waiver of presentment for payment.[2]

In support of this contention, Whalen cites Faulk v. Futch, 209 S.W.2d 1008 (Tex.Civ.App.—San Antonio 1948), affirmed 147 Tex. 253, 214 S.W.2d 614

(1948); Covington v. Burke, 413 S.W.2d 158 (Tex.Civ.App.—Eastland 1967, writ ref'd n. r. e.); Jernigan v. O'Brien, 303 S.W.2d 515 (Tex.Civ.App.—Austin 1957, no writ); Parker v. Mazur, 13 S.W.2d 174 (Tex.Civ.App.—San Antonio 1928, writ dism'd). These cases are distinguishable from the case on appeal in that none of the notes involved in such cases contained the express waiver of notice of acceleration provision which the note in this case contains. Interstate Life Insurance Company v. Turner, 371 S.W.2d 913 (Tex. Civ.App.—Waco, 1963 writ ref'd n. r. e.), is more in point. It involved a proceeding to set aside a trustee's deed in foreclosure proceedings under a deed of trust in which the secured note was payable in San Antonio, Bexar County, Texas, and contained this provision: "Each maker, surety and endorser of this note expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this note and as to each, every and all installments hereof." The trial court concluded that since the acceleration clause was optional, the holder could not, without demand and presentment for payment, exercise such option and foreclose under the deed of trust since no specific place of payment is expressed in the note or deed of trust. The Court of Civil Appeals in reversing and remanding such cause stated: "In our opinion, demand and presentment were not necessary. The note expressly provided that notice of intention to accelerate maturity, demand and presentment for payment were waived. Art. 5937, Sec. 82, Vernon's Ann.Tex. Stats. provides that presentment for pay-

---

1. "It is agreed that time is of the essence of this agreement, and that in the event of default in the payment of any installment of principal or interest when due, the holder of this Note may declare the entirety of the Note evidenced hereby, *immediately due and payable without notice*, and failure to exercise said option shall not constitute a waiver on part of the holder of the right to exercise the same at any other time." (Emphasis added.)

2. "Each maker, surety and endorser *waives* demand, grace, notice, *presentment for payment* and protest, and agrees and consents that this Note and the Liens securing its payment may be renewed, and the time of payment extended without notice, and without releasing any of the parties." (Emphasis added.)

ment is dispensed with by express waiver. The waiver is valid and effective. Sydnor v. Gascoigne, 11 Tex. 449, 456; Anderson v. Ladd, 131 Tex. 479, 115 S.W.2d 608, 613; Sowell v. Federal Reserve Bank of Dallas, Texas, (1925) 268 U.S. 449, 45 S.Ct. 528, 69 L.Ed. 1041; Cato v. Jeffreys, Tex.Civ.App., 50 S.W.2d 413; Linthicum v. Angelo Furn. Co., Tex.Civ.App., 60 S.W.2d 315, 316; 9 Tex.Jur.2d Sec. 185, p. 207; Brannan, Negotiable Instrument Law, Sec. 110; Jones, Mortgages Sec. 74."

Whalen's contentions with regard to demand for payment, notice of acceleration of maturity and presentment are without merit for the following additional reasons: (1) There were no pleadings in regard to lack of presentment. (2) Whalen was in fact given an unequivocal notice of acceleration of maturity and demand for payment in a letter to him by Etheridge's attorney dated March 11, 1966, which was approximately three weeks before the date of foreclosure. (3) Whalen after receiving the letter went to Etheridge with regard to such foreclosure but made no demand for presentment of the note either at that time or any time thereafter. (4) After such letter was sent to Whalen a monthly installment came due under said note, prior to the date of foreclosure of such deed of trust, but no payment or tender of this installment was ever made by Whalen. See Wehmeyer v. Domingues, 286 S.W.2d 194 (Tex.Civ.App.—San Antonio 1956, writ ref'd); Iden v. Lippard, 166 S.W.2d 185 (Tex.Civ.App.—Waco 1942, no writ); Barnhart v. San Antonio Joint Stock Land Bank, 124 S.W.2d 207 (Tex.Civ.App.—San Antonio 1939, no writ); Dieter v. Bowers, 37 Tex.Civ.App. 615, 84 S.W. 847 (Tex. Civ.App. 1909, writ ref'd).

■ (b) Whalen also asserts that the exercise by Etheridge of the option to accelerate the maturity of said note constituted inequitable conduct violative of a contract between them under which Etheridge was obligated to allow him a reasonable time in which to negotiate a sale of the property as a means of obtaining money to discharge his mortgage deed. The contract relied on is the letter addressed to Whalen, signed by Etheridge, dated December 22, 1965.[3]

3.
"December 22, 1965

Michael C. Whalen
515 Exeter Rd.
San Antonio, Texas
Dear Mr. Whalen:

This letter is to evidence our understanding with regard to that certain promissory note from Michael C. Whalen to J. B. Etheridge and Pearl Etheridge in the original principal amount of $86,000.00 dated, December 11, 1963.

Whereas, you have been endeavoring to sell or refinance the land and improvements described as Lot 35, N.C.B. 8693, in the City of San Antonio, Texas, (also known as the Sagewood Apartments property);

Now, therefore, in consideration of $10 cash in hand paid and other good and valuable consideration, the receipt of which is hereby acknowledged, and in further consideration of the time and effort which is being expended by you in your attempt to sell or refinance said property, we hereby agree that, in the event you effect a sale or refinancing arrangement of the above-described property, we will re-arrange the terms of the aforesaid note into a renewal note on the following basis:

The principal amount of the new note shall be the total of the remaining unpaid principal balance of the existing note, plus the amount of interest which shall have accrued on the existing note, through the date of closing of the sale or refinancing arrangement of the Sagewood Apartments property. The amount of the new note, plus interest thereon at the rate of 6¼% per annum, shall be amortized over a period of months equal to the number of months remaining on the first mortgage indebtedness as of the date of closing.

We hereby bind ourselves, our heirs, executors, administrators and assigns, to the above-outlined rearrangement terms.

Your very truly,
(Signed) J. B. ETHERIDGE
J. B. Etheridge
(Signed) PEARL ETHERIDGE
Pearl Etheridge
ACCEPTED AND AGREED:
(Signed) MICHAEL C. WHALEN
Michael C. Whalen"

"To support a contention that the payment of a negotiable instrument has been extended, there must exist all the elements essential to the execution of a contract (6 Tex.Jur. p. 826), and the agreement for the extension must be for a definite time and mutually bind the parties, payor and payee, the one to forbear suit during the time of extension, and the other his right to pay the debt before the end of that time." Tsesmelis v. Sinton State Bank, 53 S.W. 2d 461 (Tex.Comm'n App.1932, jdgmt adopted). See also Wehmeyer v. Domingues, supra, wherein this Court held that an agreement to extend the time of payment of past due installments of a note secured by vendor's and deed of trust liens on land to a specified date, if the note was made current by such date, was conditional and hence not a valid extension agreement, and was without consideration and void. In Rhodes v. Dallas Joint Stock Land Bank of Dallas, 91 S.W.2d 962 (Tex.Civ.App.—Dallas 1936, no writ), the Court held that after right to accelerate had accrued on a note, agreement to extend the time must be based upon a valid contract, stating a definite time for performance and not leaving right suspended on uncertainties.

Such letter simply provided that Etheridge agreed to rearrange the note into a renewal note in the event Whalen effected a sale or refinancing of the property. Nowhere in such letter does Etheridge agree to forebear from accelerating the note or proceeding with a foreclosure. Whalen testified and the record reflects that he began trying to sell his property or refinancing it long before Etheridge signed the letter, and Whalen also testified he would have tried to sell the property or refinance it regardless of whether or not he got the letter. Such letter is conditioned on Whalen's either selling the property or obtaining refinancing, and this condition never became operative. Such letter in no way extended the time of payment of said note or excused Whalen from making the required payments thereunder. The record does not establish any promise to forebear by Etheridge, any reliance on the letter by Whalen, or any damage to Whalen arising out of said letter.

■ (c) Whalen also contends that Etheridge's conduct in permitting many monthly payments to be in default without previously foreclosing on said note constituted a waiver of such defaults and supported an equitable estoppel. In support thereof, he cites Edwards v. Smith, 322 S.W.2d 770 (Supreme Court of Missouri 1959); Longbotham v. Ley, 47 S.W.2d 1109 (Tex.Civ.App.—Galveston 1932, writ ref'd), cited as authority in the case of Edwards v. Smith, supra; San Antonio Real Estate Building & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386 (Tex.Sup.1901); Diamond v. Hodges, 58 S.W.2d 187 (Tex.Civ.App.— Dallas 1933, no writ).

■ The note involved herein contained an express provision as to acceleration of said note without notice, and provided that "failure to exercise said option shall not constitute a waiver on part of the holder of the right to exercise the same at any other time." Actual notice of acceleration of maturity was given, and demand for payment of said note was made by Etheridge upon Whalen approximately three weeks before the date of foreclosure, and although a regular monthly payment under said note became due after said notice and prior to foreclosure, no payment or tender of this monthly payment or any amount was made by Whalen prior to such foreclosure. Mere indulgence of the holder after default does not tend of itself to show an extension by contract, nor does it evidence any intention not to enforce the contract according to its terms. There is nothing in the record to support an estoppel.

Appellees assert that the judgment should be affirmed additionally because Whalen failed, both before and after the foreclosure, to pay or tender all or any part of the indebtedness due by him under the note. Under the facts and circumstances of this case such a tender was necessary.

Hemphill v. Watson, 60 Tex. 679 (1884); Jones v. Porter, 29 Tex. 456 (1867); Breitkreutz v. Cook, 135 Tex. 574, 144 S.W.2d 634 (Tex.Comm'n App.1940, opinion adopted); Campdera v. Reed, 131 S.W.2d 297 (Tex.Civ.App.—Galveston 1939, writ ref'd); Barnhart v. San Antonio Joint Stock Land Bank, 124 S.W.2d 207 (Tex. Civ.App.—San Antonio 1939, no writ); Barreda Corporation v. Ballenger, 116 S.W. 2d 442 (Tex.Civ.App.—Beaumont 1938, writ dism'd); Price v. Reeves, 91 S.W.2d 862 (Tex.Civ.App.—Fort Worth 1936, writ dism'd); Chandler v. Guaranty Mortgage Co., 89 S.W.2d 250 (Tex.Civ.App.—San Antonio 1936, no writ). The Commission of Appeals in Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329 (1938) said: "It is settled in this state that a mortgagee who has purchased the land at foreclosure sale, irregular or void as to the mortgagor (or as to one having title under the mortgagor), and who has taken possession under and in reliance upon such foreclosure and purchase, may retain possession against the suit of the mortgagor, or one holding under him, until his debt is paid." Under the record in this case, the deed of trust foreclosure was valid.

Whalen also asserts that the trial court erred in granting Etheridge a deficiency judgment in the amount of $25,067.31, and that the only deficiency Etheridge could recover would have been one arrived at after allowing a credit on Whalen's debt of a sum equal to the market value of his equity in the land at the time of the foreclosure sale. In this connection, Whalen relies on Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380 (1942), where the Court held (1) that the amount bid in at the foreclosure sale was the proper amount to credit on the mortgagor's debt if the sale was valid; (2) that if it should be found the sale was invalid, then the proper amount to credit on a mortgagor's debt was the reasonable market value of the mortgagor's equity in the property at the time of the foreclosure sale.

Appellees, in addition to their contention that the foreclosure sale was valid, assert that even if it be assumed that the trustee's sale was invalid, Whalen had the burden to show that his equity in the property was larger than the amount credited on the note at such foreclosure sale; that Whalen failed to sustain this burden and presented no evidence of any damage suffered by him as a result of the alleged wrongful foreclosure by Etheridge. We do not deem it necessary to pass on this secondary contention of appellees, because of our holding that such foreclosure sale was not invalid. Under the holding in Maupin v. Chaney, supra, if the sale was valid, the amount bid in at the foreclosure sale was the proper amount to credit on the mortgagor's debt.

We find no reversible error of the trial court in granting Etheridge's and Nugent's motions for instructed verdict, and all of Whalen's points of error are overruled.

The judgment of the trial court is affirmed.