**Howard G. PURNELL, Appellant,**

v.

**Nora B. FOLLETT et al., Appellees.**

**No. 1540.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 10, 1977.

Robert B. Wallis, Ray A. Bass III, Haynes & Fullenweider, Houston, for appellant.

Fred M. Lange, Tom Alan Cunningham, Fulbright & Jaworski, Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

In February 1974, Howard G. Purnell (Dr. Purnell or appellant) and Aimee Follett Purnell (Mrs. Purnell or appellee) were granted a divorce. One of the items of community property divided between the two parties was a 52.66 acre tract of land which had been deeded to appellant during the marriage. As part of this conveyance, appellant assumed the unpaid balance on a promissory note which was secured by a vendor's lien and a deed of trust covering the tract. The divorce decree awarded a one-half undivided interest in the tract to appellant and Mrs. Purnell and required each to assume one-half of the indebtedness.

On or about August 5, 1975, Nora B. Follett (Mrs. Follett or appellee) purchased the note secured by the deed of trust. Shortly after acquiring the note, Mrs. Fol-

lett sent a letter to appellant which read in pertinent part:

This is the only letter I shall write to you in reference to this matter, and I shall not make any telephone calls to you relative thereto. If you make default in any of your monthly payments, I will declare the note matured and request that your half of the land be sold under the deed of trust, after placing the note in the hands of an attorney for collection. I hope that it will not be necessary that foreclosure be had under the deed of trust.

On September 16, 1975, Nora Follett paid the delinquent taxes owing on the property. These taxes amounting to $1,351 had accumulated over a number of years. She then sent a second letter to appellant stating in part:

[A]s I was given the right under the deed of trust, I paid such taxes for you and Aimee as is shown by xerox copy of receipt issued September 16, 1975, by Carl S. Smith, Tax assessor, Harris County. I now demand that you pay me immediately for your one-half of such taxes, payment to be made to me addressed to 3322 Cloverdale, Houston, Texas 77025.

On September 24, 1975, Mrs. Follett informed Alton C. Arnold, substitute trustee under the deed of trust, that she had paid the delinquent taxes and had made demand upon appellant for reimbursement which proved unsuccessful. She stated that she desired to mature the entire obligation as to appellant and that Mr. Arnold was to proceed with foreclosure of appellant's one-half interest under the deed of trust.

On September 26, appellant's son, Tim Follett Purnell, visited him in his office. He delivered a copy of the second letter and a copy of a receipt showing payment of the delinquent taxes. Appellant acknowledged receiving the instruments. Tim then said to appellant, "Granddaddy [Lewis H. Follett] says that under the deed of trust executed by the Henrys, the taxes paid by Grandma are payable on demand. Granddaddy suggests that you read the Henry deed of trust."

Thereafter, notices of the substitute trustee sale were duly posted, and on November 4, 1975, appellant's one-half interest was sold to Aimee Purnell for $7,500.

In December of 1975, appellant filed suit against Nora Follett, Aimee Purnell, Alton Arnold and others to set aside the substitute trustee sale and enjoin transfer of the property. He alleged that Nora Follett gave no notice of his default and her intent to accelerate the note prior to foreclosure. The named defendants answered specially excepting to appellant's petition and counter-claimed for declaratory judgment that the requirements of notice were complied with. The defendants filed a motion for summary judgment which was granted. From that judgment appellant now appeals.

Appellant's single point of error complains that the trial court erred in granting summary judgment because there existed a genuine fact issue concerning the inadequacy of the price received and accepted at the foreclosure sale. He also states that there were other irregularities coupled with the grossly inadequate sales price, the more important one being the lack of notice that Nora Follett intended to mature the note due to appellant's default in paying the delinquent taxes.

At the outset we note that a trustee's sale under powers granted by a deed of trust is considered a harsh remedy and can only be exercised by strictly complying with the terms and conditions of the note and those imposed on the power of sale by the maker of the trust instruments. *Crow v. Heath*, 516 S.W.2d 225, 228 (Tex.Civ. App.-Corpus Christi 1974, writ ref'd n.r.e.). Enforcement of an acceleration clause in a note or deed of trust upon default must stand a strict scrutiny by the court. *Crow v. Heath*, 516 S.W.2d at 229; *Hiller v. Prosper Tex., Inc.*, 437 S.W.2d 412, 415 (Tex.Civ. App.-Houston [1st Dist.] 1969, no writ).

Appellant alleged that the property was sold for less than 3 percent of its fair market value. The supreme court has expressly held, however, that mere inadequacy of consideration is not grounds for

setting aside a trustee's sale. There must be evidence of irregularity, though slight, which must have caused or contributed to the sale at a grossly inadequate price. *American Savings & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex.Sup. 1975). The sole question becomes, then, whether there was a lack of sufficient notice to appellant of the exercise of the option to mature the entire balance due. In the present case, the promissory note and deed of trust both contained clauses allowing for acceleration of the note upon default and foreclosure on the 52.66 acre tract respectively at the option of the holder. The clause in the note stated:

> FAILURE TO PAY any portion of the principal or accrued interest on this note as the same becomes due according to the terms herein mentioned, or failure to carry out any of the undertakings agreed to be done by the maker or makers hereof in any instrument or instruments hereinafter recited to have been given as security for the payment of this note, *shall, at the option of the holder or holders hereof, mature all of the unpaid portion of the principal* and accrued interest due on this note at that time. [Emphasis added.]

The deed of trust provided that

> the failure of the Grantors to pay such taxes or insurance premiums (or repay the holder of said indebtedness, upon demand, the amount so paid) shall constitute a breach hereof, and the legal holder of said indebtedness, or any part thereof, *shall have the option to declare all of the indebtedness immediately due and payable* and without demand upon, or notice to, the Grantors, to foreclose the lien of this Deed of Trust at Trustee's sale or otherwise. [Emphasis added.]

Where the acceleration clause in a note leaves it *optional* with the holder whether he should declare the entire amount due upon failure to pay any installment of principal or interest, such holder cannot without presentment for payment, exercise this option to declare the entire amount due. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 865 (Tex.Sup.1975); *Faulk v. Futch*, 147 Tex. 253, 214 S.W.2d 614, 616

(1948); *Griffith v. Griffith*, 252 S.W.2d 517, 518 (Tex.Civ.App.-Eastland 1952, writ ref'd n.r.e.); *Brown v. Hewitt*, 143 S.W.2d 223, 227 (Tex.Civ.App.-Galveston 1947, writ ref'd). The Tyler Court of Civil Appeals has recently held that presentment and demand is but one of three steps which must be taken before the right to accelerate may be exercised. Not only must there be formal demand for the delinquent payment, but also the holder of the note must give the obligor an opportunity to make such payment. Finally, he must declare the entire debt due or take some unequivocal action in that regard. *Joy Corp. v. Nob Hill North Properties Ltd.*, 543 S.W.2d 691, 694 (Tex.Civ.App.-Tyler 1976, no writ). The necessity for a demand for payment *and* notice of intent to accelerate is supported by *Crow v. Heath*, 516 S.W.2d at 227–28, *Brown v. Hewitt*, 143 S.W.2d at 227, *Jernigan v. O'Brien*, 303 S.W.2d 515, 516–17 (Tex.Civ.App.-Austin 1957, no writ) and *Parker v. Mazur*, 13 S.W.2d 174, 175 (Tex. Civ.App.-San Antonio 1928, writ dism'd). It has also been said that "[t]he intention to accelerate maturity must be evidenced by clear and unequivocal acts followed by affirmative action towards enforcing the declared intention". *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex.Civ.App.-Galveston 1939, writ ref'd), *quoted with approval in Jernigan v. O'Brien*, 303 S.W.2d at 516; *Crow v. Heath*, 516 S.W.2d at 228. Moreover, to be effective, acceleration clauses in notes should be clear and unequivocal, and where there is a reasonable doubt as to the meaning of the terms employed, preference should be given to that construction which will avoid forfeiture and prevent acceleration of maturity. *Ramo, Inc. v. English*, 500 S.W.2d 461, 466 (Tex.Sup.1973); *Motor & Indus. Fin. Corp. v. Hughes*, 157 Tex. 276, 302 S.W.2d 386, 394 (1957).

■ On reviewing the two letters sent to appellant and his conversation with his son, we do not believe that the summary judgment evidence compels the conclusion that notice was given of Nora Follett's intent to mature and accelerate the installment note by reason of appellant's failure to pay the

delinquent taxes. The first letter (in *advance* of default) does state that upon "default in any of your monthly payments, I [Nora Follett] will declare the note matured and request that your half of the land be sold under the deed of trust . . . ." However, the intent to mature the note was conditioned upon a default in "monthly payments." There is no reference, even by implication, to payment of property taxes. The only communication between the two parties concerning payment of taxes was in the second letter in which Nora Follett stated that she had paid the delinquent taxes and that "I now demand that you pay me immediately for your one-half of such taxes . . . ." Although this was clearly a proper demand, it did not give sufficient notice to appellant that if he failed to reimburse Nora Follett for her payment of the taxes, she would then mature the entire indebtedness.

■ Appellees argue that under the terms of the promissory note and deed of trust, notice of acceleration was expressly waived by appellant. The note provided:

*All makers, sureties and indorsers are jointly and severally liable herefor, and with reference hereto, waive grace, protest, notice, demand, diligence, presentation and time of commencement of suit,* and consent that additional security may be taken herefor and/or the time of payment hereof may be extended without notice and without releasing the liability of any maker, surety or indorser.

In addition, the deed of trust contained two clauses which appellees alleged established a waiver of notice.

It is expressly provided that the recitals in the conveyance made to the purchaser, either by the Trustee or any substitute Trustee, shall be full proof and evidence of the matters therein stated, and no other proof shall be requisite of the performance of this trust, the request by the holder of said indebtedness on the Trustee to enforce this trust, or of the advertisement or sale, or any particulars thereof, or of the removal or inability, refusal or failure of the Trustee or Sub-

stitute Trustee to act, or of the resignation of the Trustee, or of the appointment of a Substitute Trustee as herein provided, either as to the legality of his appointment or otherwise, or of the contingencies which brought about the failure or inability of the Trustee to act, and all prerequisites of said sale shall be presumed to have been performed, and any recitals in and deed from the Trustee or any Substitute Trustee may be taken and construed in any court as prima facie evidence of the facts recited.

\*   \*   \*   \*   \*   \*

[F]ailure of the Grantors to pay such taxes or insurance premiums (or repay the holder of said indebtedness, upon demand, the amount so paid) shall constitute a breach hereof, and the legal holder of said indebtedness, or any part thereof, *shall have the option to declare all of the indebtedness immediately due and payable and without demand upon, or notice to, the Grantors, to foreclose the lien of this Deed of Trust* at Trustee's sale or otherwise. [Emphasis added.]

In support of their argument, appellees have cited *Whalen v. Etheridge*, 428 S.W.2d 824 (Tex.Civ.App.-San Antonio 1968, writ ref'd n.r.e.) and *Phillips v. Whiteside*, 426 S.W.2d 350 (Tex.Civ.App.-Houston [14th Dist.] 1968, no writ). Both of these cases involved enforcement of an optional acceleration clause in a promissory note secured by a deed of trust. In both cases the courts found that notice of acceleration had been expressly waived. In the *Whalen* case the note stated that

in the event of default in the payment of any installment of principal or interest when due, the holder of this Note may declare the entirety of the Note evidenced hereby, *immediately due and payable without notice,* and failure to exercise said option shall not constitute a waiver on part of the holder of the right to exercise the same at any other time.

\*   \*   \*   \*   \*   \*

Each maker, surety and endorser *waives* demand, grace, notice, *present-*

*ment for payment* and protest, and agrees and consents that this Note and the Liens securing its payment may be renewed, and the time of payment extended without notice, and without releasing any of the parties. [Emphasis added.]

In the *Phillips* case the note provided that the holder shall have the option "without demand or notice to the maker" to declare the note "immediately due and payable and may thereupon foreclose the liens given to secure its payment." The deed of trust provided that any deed executed by the trustee

> shall be full evidence and prima facie proof of each and all matters therein recited, and no other proof shall be requisite thereof, including maturity of the indebtedness, the request that trustee sell the mortgaged property.

In both of these cases cited by appellee there was a clear and unambiguous waiver of notice of acceleration. However, in the present case there is no clear language indicating a waiver of notice. The clause: "shall have the option to declare all of the indebtedness immediately due and payable *and* without demand upon, or notice to, the Grantors, to foreclose the lien of the Deed of Trust . . . ." can only be interpreted to mean that demand of payment and notice of intent to foreclose is waived for purposes of executing a trustee sale, not for the purpose of accelerating the note. [Emphasis added.] There is a distinct difference between this language and that used in the *Whalen* and *Phillips* cases. In this regard, our courts have recognized the distinction between notice of intent to accelerate and notice of sale. *Lockwood v. Lisby*, 476 S.W.2d 871, 873 (Tex.Civ.App.-Fort Worth 1972, writ ref'd n.r.e.).

■ The provision in the note waiving "grace, protest, notice, demand, diligence, presentation and time of commencement of suit . . . ." is similar to that in the *Whalen* case, and as distinguished by that court, dealt with waiver of formal presentment and demand, not notice of intent to accelerate. *See Whalen v. Etheridge*, 428

S.W.2d at 827. Consequently, this waiver clause in the note cannot be construed as a waiver of intent to accelerate but only a waiver of presentment and demand which Nora Follett expressly made in the second letter.

 The summary judgment evidence having failed to conclusively show as a matter of law that notice of intention to accelerate and mature the entire indebtedness was given as required by law and the terms of the documents, the judgment must be reversed and remanded.

Reversed and remanded.