Carl N. INCE, et al., Appellants,

v.

Mickey L. HERSKOWITZ et al., Appellees.

No. 18006.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 4, 1982.

Rehearing Denied March 11, 1982.

Tom Edwards, Edwards & Hitt, Houston, for appellants.

Paul J. McConnell, III, DeLange, Hudspeth, Pitman & Katz, Houston, for appellees.

Before EVANS, C. J., and WARREN and DOYLE, JJ.

DOYLE, Justice.

This is an appeal from a summary judgment action rendered in favor of Mickey L. Herskowitz, et al, appellees.

This suit originated from an alleged wrongful acceleration of a promissory note. Appellants, Carl Ince, et al, brought suit to enjoin the foreclosure sale of a residential home which was purchased by a closely held corporation of which Ince was president. The home was purchased on June 9, 1979, pursuant to a deed of trust and promissory note that was executed by the appellees. The appellants paid $10,000 down and the balance was evidenced by a promissory note in the sum of $250,000.00.

The note was made payable to the Herskowitzs, appellees. The monthly payments were to be made the first of each month in the amount of $1,861.09.

On or about September 29, 1979, the Herskowitzs collaterally assigned all their right, title and interest in the above promissory note to the Great Southern Bank, also an appellee. This assignment, which was without the appellants' knowledge, was apparently as additional security to the bank for its extending a loan, secured by a deed of trust to the Herskowitzs, for the purchase of some other property. The note assigned to the bank also called for payments to be made the first of each month.

All payments made by the appellants beginning on August 1, 1979, and up until March, 1980, were made to the Herskowitzs. The appellants alleged in both their pleadings and affidavit in response to the motions for summary judgment that they had made late payments to the Herskowitzs with no complaint. The Herskowitzs in their original answer agreed, stating that appellants were "chronically delinquent in making payments on said note."

The March 1980 payment triggered the controversy from which this suit stems. It must be noted that the check for such payment is not in evidence. A disputed fact exists as to whether or not the check was ever dishonored. The appellees state that the check was returned by the bank marked "Insufficient funds" on or about March 5, 1980. They further assert that they tried unsuccessfully to contact appellants by phone. On or about March 7, 1980, they accelerated the maturity of the promissory note pursuant to its terms and requested the trustee to post notice and sell the property under the deed of trust. Appellants had paid $50,000 at the time the note was accelerated. Appellants, on the other hand, contend that they had no knowledge of the dishonored check and have not received the check back. They received a certified letter from the trustee notifying them that the note had been accelerated and notice of a trustee's sale posted. Since the appellants never received notice of an intent to accelerate or notice that the check had been dishonored, on March 31, 1980, they delivered two cashier's checks of $1861.09 each to appellees' agent, representing the March and April 1980 payments under the promissory note. On April 1, 1980, the agent returned the cashier's checks and mailed notice of the trustee's sale to appellants. Appellants also tendered these checks to the bank, which refused to accept them.

Appellants' request for a temporary injunction to enjoin the foreclosure sale was denied. The day before the purported foreclosure sale was to occur, appellants paid the note. The original balance on the note was $219,837.61. The appellants were compelled to pay a total of $243,330.51 which included appellees' attorney fees.

Appellants brought an action for wrongful acceleration and civil conspiracy, alleging that they incurred substantial damages in securing outside financing to pay the note. Appellees' motions for summary judgment were granted.

This appeal is predicated on two points of error. By the first, the appellants insist that a cause of action does exist, by whatever name, for a wrongful acceleration of their promissory note. In their second point, the appellants argue that many disputed material fact issues were raised and therefore the trial court erred in granting the motions for summary judgment.

The appellees stated in their motions for summary judgment that they were entitled to relief since there was no fact issues for determination in that: (1) the injunction issue was moot as a matter of law; and (2) no cause of action existed for an alleged wrongful acceleration of a note.

We need only consider appellants' second point of error in order to dispose of this appeal.

In determining whether summary judgment was properly granted, we must remain mindful of the fact that a litigant is entitled to a jury trial when there is any doubt as to the established facts before the court. The motion for summary judgment is submitted on the ground that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A. The pleadings in a case must generally outline the issues and must be supported by summary judgment evidence. Appellants in their pleadings pled the following: (1) that they had made late payments without complaint to the Herskowitzs, and (2) that the Herskowitzs on September 29, 1979, had assigned all their right, title and interest in the above promissory note to the bank without appellants' knowledge. To support these pleadings appellants' opposing affidavit in response to the motion for summary judgment stated the above allegations and supported these pleadings.

The Texas courts have held that the exercise of the power of acceleration is a harsh remedy and deserves close scrutiny. *Vaughan v. Crown Plumbing and Sewer Service, Inc.*, 523 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.), *Purnell v. Follett*, 555 S.W.2d 761 (Tex.Civ. App.—Houston [14th Dist.] 1977, no writ, *Hiller v. Prosper Tex. Inc.*, 436 S.W.2d 412 (Tex.Civ.App.—Houston [1st Dist.] no writ). The facts in our case are very similar to the facts in *Vaughan*, supra, where the trial court's granting of a temporary injunction against foreclosure was affirmed. The *Vaughan* note, as well as the note in the case at bar, contained a provision for the optional acceleration of the entire indebtedness upon default in the punctual payment of the note. The note further provided that the maker expressly waived all notice, demands for payment, presentment for payment, notices of intention to accelerate maturity and notice of protest. The note in both cases did not provide, however, that the holder's failure to exercise the option to accelerate upon default, would not constitute a waiver of the exercise of the same right upon any subsequent default. Further, in both of these cases late payments were made and accepted without any notice from the holder that such payments would not be accepted in the future. This court held in *Vaughan* that the trial court could have concluded from the circumstances of the case that there was an issue presented as to whether Vaughan's conduct in permitting prior monthly payments to be made late, without objection, constituted a waiver of his option right of acceleration of maturity with respect to installments subsequently coming due, absent some notice that short delays were objectionable and that future installments should be timely paid. We think that the undisputed statements and allegations set forth in appellants' affidavit raise fact issues as to whether appellees' acceleration was for the purpose of protecting their debt or "coercing the maker to pay the entire debt or forfeit his property." *Vaughn v. Crown Plumbing and Sewer Service, Inc.*, supra. Hence, we conclude that the appellants' second point of error should be sustained.

The orders granting summary judgment are reversed and this cause is remanded to the trial court for trial.