Robert C. STRICKLIN, Appellant,

v.

Harold LEVINE, Appellee.

No. 05–87–00925–CV.

Court of Appeals of Texas,
Dallas.

March 18, 1988.

Rehearing Denied April 27, 1988.

Mike M. Tabor, Clark, West, Keller, Butler & Ellis, Dallas, for appellant.

Warren D. Campbell, Larry F. Amerine, Biggers, Beasley, Amerine & Earle, Dallas, for appellee.

Before ENOCH, C.J., and STEPHENS and ROWE, JJ.

STEPHENS, Justice.

Robert C. Stricklin appeals from the granting of a temporary injunction in which the trial court enjoined him from foreclosing his lien on property owned by Harold Levine. Stricklin argues in one point of error that Levine waived the requirement of notice of Stricklin's intent to accelerate by the terms of the note and deed of trust. We agree with Stricklin's argument; accordingly, we reverse the judgment of the trial court.

Stricklin is the holder of a note in the principal amount of $568,015.00 secured by a deed of trust on the subject property. Levine defaulted on the March 1, 1987 payment on the note and informed Stricklin by telephone on March 10, 1987, that the payment would not be forthcoming, following which Stricklin accelerated the entire balance of the note. On June 10, 1987, Levine delivered checks for the March, April, May and June installments on the note. On July 6, 1987, Stricklin's attorneys returned the checks uncashed, accompanied by a letter informing Levine that the note had been accelerated following the March default.

Levine alleged in his petition to the trial court that Stricklin failed to comply with the threshold procedures for acceleration of principal under the note and deed of trust. Following a hearing, the trial court granted the temporary injunction against Stricklin.

In Texas, notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate. *Jasper Federal Savings & Loan Assn. v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987); *Allen Sales and Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975). However, contractual waiver of notice provisions are valid and enforceable. *Ogden v. Gibraltar Savings Assn.*, 640 S.W.2d 232, 233 (Tex.1982); *Cruce v. Eureka Life Insurance Co.*, 696 S.W.2d 656, 657 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). The record reflects that appellee expressly agreed to waive notice of intent to accelerate. The note, in pertinent part, stated:

> [F]ailure to pay this note, or any installment as above promised or any interest hereon, when due, shall at the election of the holder of said note, mature said note, and it shall at once become due and payable.... Every principal, surety, guarantor and endorser of this note hereby severally *waives demand, presentment for payment, notice of non-payment, protest and notice of protest.* (emphasis added)

The deed of trust executed by the parties contains the following provision:

> [I]f default shall be made by Grantor in the payment of any installment of principal or interest of said note, or any part thereof, when due ... then the said note, together with accrued interest thereon, and all other sums secured hereby, *shall, at the option of Beneficiary, become at once due and payable without demand or notice, which are hereby expressly waived....* (emphasis added)

Levine cites *Purnell v. Follett*, 555 S.W. 2d 761 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ) as supportive of his position in this appeal. The language relied upon as constituting a waiver of notice of intent to accelerate in *Purnell* is distinguishable from the language relied on by Stricklin in this case. In *Purnell* there was no express waiver of all notices and demands. Here, appellants expressly waived all notices and demands. Levine also relies upon *Ogden*.

The *Ogden* case is also distinguishable. In *Ogden,* the note did not contain a provision which waived notice of intent to accelerate; here, there is such a waiver.

This Court has held that language identical in substance to the waiver provisions in the note and deed of trust was sufficient to constitute a waiver of the "intent to accelerate" requirement. *Cruce,* 696 S.W.2d at 656–57; *Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939, 940 (Tex.App.—Dallas, no writ); *see also Whalen v. Etheridge,* 428 S.W.2d 824, 827 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Emfinger v. Pumpco, Inc.,* 690 S.W.2d 88, 89–90 (Tex. App.—Beaumont 1985, no writ); *Real Estate Exchange, Inc. v. Bacci,* 676 S.W.2d 440, 441 (Tex.App.—Houston [1st Dist.] 1984, no writ). In light of the waivers contained in the note and the deed of trust, notice of intent to accelerate was not required.

Levine also argues that Stricklin cannot rely on the express waiver of notice of intent to accelerate in the deed of trust because the note is without adequate waiver of notice of intention to accelerate. The note and deed of trust on the property should be construed together and effectively regarded as one instrument. *Chapa v. Herbster,* 653 S.W.2d 594, 600 (Tex.App.—Tyler 1983, no writ); *Bennett v. State National Bank,* 623 S.W.2d 719, 721 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Smith v. National Bond & Mortgage Corp.,* 150 S.W.2d 333, 335 (Tex.Civ. App.—Galveston 1941, no writ). Here, there is a waiver of intent to accelerate in the deed of trust. If there is none in the note, the deed of trust prevails. *Motor & Industrial Finance Corp. v. Hughes,* 294 S.W.2d 182, 190 (Tex.Civ.App.—Austin 1956), *rev'd on other grounds,* 157 Tex. 276, 302 S.W.2d 386 (1957); *Mazzola v. Lucia,* 109 S.W.2d 273, 275 (Tex.Civ.App.—Beaumont 1937, writ ref'd).

The provisions in the note and deed of trust were sufficient to constitute a waiver by Levine of the right to notice of acceleration. Stricklin was under no legal duty to notify appellee of his intention to accelerate.

The judgment of the trial court is reversed and the temporary injunction is dissolved.