## FRASER et al. v. KAY.

No. 12446.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 10, 1952.

Alexander Fraser, San Antonio, for appellants.

W. W. Palmer, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order granting a temporary injunction maintaining the status quo of property pending final disposition of this case on the merits. On December 9, 1948, Kathryn I. Craig sold and conveyed Lot 12, Block 2, New City Block 3783, in the City of San Antonio to Marie Kay, who assumed an installment note for $1,000, secured by a first lien, payable to Farm and Home Building and Loan Association, and executed a second note for $9,500, payable to Mrs. Craig in stated installments. Mrs. Craig sought to foreclose her second lien note and sell the property at a substitute trustee's sale. This action was enjoined by suit filed by Marie Kay against Mrs. Craig and the substitute trustee, Alexander Fraser.

The case turns upon the validity of Mrs. Craig's action in attempting to accelerate the maturity of the note held by her. The deed of trust securing the $9,500 note provided that the failure to pay an installment of principal or interest upon the $1,000 first lien note should "at the option of the holder of this (the $9,500) note immediately mature this note as if the full time provided for its payment had expired." Similar provisions for accelerated maturity were contained in the instrument relating to the failure to pay installments on the second lien note and failure to keep the premises insured in accordance with the terms of the deed of trust.

For the most part the facts of the case were stipulated. The provisions of the deed of trust made the matter of accelerating the maturity of the $9,500 note optional with Mrs. Craig, consequently notice to the mortgagor and demand were necessary to make the clause operative. 29 Tex.Jur. 912, Mortgages, § 92. Notice that the entire note had been declared due and payable was given to Mrs. Kay on April 7, 1952, and notices of a trustee's sale to be held on May 6th were posted the following day. This suit was filed and temporary restraining order (later replaced by the present temporary injunction) issued the same day. It was stipulated, for the purposes of this appeal, that Mrs. Craig had waived the payment of the installments due on her $9,500 note which had accrued prior to the time the notice of April 7, 1952, was given. The acceleration of the maturity of the notes cannot

be supported on the theory that default had taken place in connection with payments due on the second lien note.

■ As to the first lien note, it appears that during the month of March, 1952, Marie Kay was two payments in arrears. However, she testified that on April 7, 1952, this arrearage had been paid up and that she had not defaulted in making installment payments due thereon since that time. Although Mrs. Kay was in default in first lien payments, she had cured the default before Mrs. Craig, by notice of April 7, 1952, exercised her option of accelerating the maturity of her note. The situation is similar to that of a tender of arrears before exercise of option. It is stated in American Jurisprudence that "the prevailing rule is to the effect that a tender of arrears due on a mortgage containing an acceleration clause, made before the holder of the mortgage has exercised his option to declare the entire amount of the debt due, prevents the exercise of the option." 36 Am.Jur. 887, Mortgages, § 400.

■ As to the insurance upon the property, it appears (according to Mrs. Kay's testimony) that this matter was handled by the Farm and Home Savings and Loan Association. Neither the amount of the insurance coverage nor the loss payable clause of the insurance policy was in exact accord with the provisions of the deed of trust. It has, however, been held that, "where the debtor makes a good faith attempt to comply with a requirement regarding insurance, acceleration cannot be predicated upon objections thereto in the absence of communication thereof to the debtor and a reasonable opportunity to correct the objections." 142 A.L.R. 1125. It was not shown that any objection was made to the loss payable clause or the amount of the insurance policy prior to the time of the attempted acceleration of the maturity of the $9,500 note.

This appeal was made upon an abbreviated record. Certain facts were apparently conceded for the purposes of this appeal and different findings may be made when the case is finally considered on its merits. However, we think the record before us

discloses that the trial judge did not abuse his discretion in issuing the injunction appealed from in order to maintain the status quo during the pendency of this suit and his order is accordingly affirmed.