**Carmen R. CHAPA, Appellant,**

v.

**David A. HERBSTER, Appellee.**

**No. 12-81-0066-CV.**

Court of Appeals of Texas, Tyler.

May 12, 1983.

Rehearing Denied June 29, 1983.

Thomas G. Bousquet, Bousquet & Johnson, Houston, for appellant.

Maurice Bresenhan, Jr., Byrnes, Myers, Adair, Campbell & Sinex, Houston, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a foreclosure of appellant's property. Chapa filed suit against Herbster to set aside a foreclosure sale that occurred on July 1, 1980. Herbster filed a cross-action seeking a deficiency judgment, removal of a lis pendens notice filed against the property and alternatively a judicial foreclosure. Trial was to the court without a jury. The trial court denied all relief sought by Chapa and Herbster except appellee's request for removal of the lis pendens notice.

We affirm.

The record reflects that Chapa purchased the property in question, an apartment building located at 3812 Austin Street, Houston, Harris County, Texas, from Herbster on October 26, 1978. Chapa paid Herbster the sum of $7,000.00 and executed a note dated October 26, 1978, in the principal sum of $15,919.20 payable to him in monthly installments of $150.00 per month, beginning December 1, 1978, such note being secured by a deed of trust of even date for the benefit of Herbster.[1] Chapa testified that she spent approximately $10,000.00 in plumbing costs, electrical repairs, sheetrocking and other improvements on the subject property, and that Herbster expressed his satisfaction as to her progress in having made such improvements. It is undisputed that she timely paid the monthly installments due Herbster through July 1980, the month of the foreclosure, and also tendered the payment due for the month of August 1980 (that check however was returned to her).

Appellant testified that insurance was maintained on the property throughout the period of her ownership. Admitted into evidence was a certificate of insurance (issued by an insurance company) showing coverage on subject property from January 1, 1980 to January 1, 1981. The evidence shows that Herbster wrote a letter to Chapa on May 5, 1980, wherein he stated,

on several occasions I have asked you about the insurance coverage on 3812 Austin. To date I have still received nothing. If I am going to keep your loan in effect, I must insist that you take care of this matter immediately. Be sure that they send me a copy of the policy showing me as the 2nd lienholder. Sincerely— s/Dave Herbster.

Chapa testified that after receiving this letter from Herbster she put a copy of the insurance coverage on "Mr. David's door."

The record reflects that on May 15, 1980 Herbster appointed James M. Gerson as substitute trustee under the deed of trust, such appointment being recorded on May 28, 1980. On June 5, 1980, Gerson wrote Chapa a letter stating the following:

Enclosed is Notice of Substitute Trustee's Sale which is this date being served upon you by certified mail and being at least 21 days preceding the date of sale. This notice is being sent to you in compliance with Art. 3810, Vernon's Ann.Civ.St.,[2] Sincerely, s/James M. Gerson.

A copy of such notice was enclosed and posted at the courthouse door, as required by the deed of trust. This notice stated that the grounds for the posting were ". . . default having been made in the payment thereof . . ." and that the trustee's sale would be held on Tuesday, July 1, 1980. Chapa testified that she did not receive such notice of sale. Gerson identified the letter as the one he mailed to Chapa and testified that it had subsequently been returned to him, at which time he attempted to telephone Chapa by calling a number listed under a Joe A. Chapa in the phone

---

1. This note and lien were secondary and inferior to an underlying first mortgage indebtedness dated April 29, 1977, in the principal amount of $23,500.00 payable to Pat W. Collerain, Jr., et ux, which remained outstanding at the time of trial.

2. This and all future statutory references are to Tex.Rev.Civ.Stat.Ann. unless otherwise indicated.

book. He testified that he never spoke to appellant Chapa about the sale.

Thereafter, on or about July 1, 1980, Chapa made her routine monthly installment payment on the note by check to Herbster who endorsed and deposited the same. Also on July 1, 1980, the substitute trustee sold the property at the courthouse door to Herbster and in the substitute trustee's deed recited the reasons for the sale to be "failure to pay taxes, failure to keep improvements in good repair and failure to insure said improvements against loss." The sale was for $15,000.00 and the trustee's deed was executed on July 9, 1980, by James M. Gerson as substitute trustee. Gerson executed an affidavit stating that notice was given to Chapa and such notice was properly posted. The trustee's deed and affidavit were recorded on July 11, 1980.

Chapa testified that she had no notice of the foreclosure; that on August 1, 1980, being still unaware of the foreclosure sale, she tendered her note payment to Herbster and this check was returned to her. She further testified that later in August 1980 she became aware of the foreclosure and immediately contacted her attorney who filed a notice of lis pendens (recorded August 28, 1980) to protect her interest in the property; that she again attempted to make payment to Herbster on September 1, 1980, and he returned the check.

As stated above, the trial court rendered judgment that Chapa take nothing by her suit and that Herbster take nothing by his counterclaim except a removal of the lis pendens notice. At Chapa's request the court filed findings of fact and conclusions of law. A statement of facts is also included as a part of the record. The findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT

1. On October 26, 1978, CARMEN R. CHAPA purchased North Forty (40) feet of Lot Two (2), the South Twenty-Five (25) feet of Lot Three (3) and the adjacent Northeast Twenty-Five (25) [feet], Block Ten (10) of EMPIRE ADDITION, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 69, Page 392, of the Deed Records of Harris County, Texas ("Subject Property") from DAVID A. HERBSTER and gave in partial payment her Promissory Note in the original principal sum of FIFTEEN THOUSAND NINE HUNDRED NINETEEN AND 20/100 DOLLARS ($15,919.20).

2. On October 26, 1978, CARMEN R. CHAPA executed a Deed of Trust to secure payment of the Promissory Note with the Deed of Trust being for the benefit of DAVID A. HERBSTER.

3. CARMEN R. CHAPA paid no taxes on the Subject Property prior to August 8, 1980.

4. Ad Valorem taxes levied or assessed against the Subject Property by Harris County, the State of Texas, the Houston Independent School District, and the City of Houston, were unpaid and delinquent on June 6, 1980 and on July 1, 1980.

5. CARMEN R. CHAPA insured the Subject Property against loss or damage by fire and windstorm only for the year 1980.

6. CARMEN R. CHAPA failed to provide proof of insurance coverage on the Subject Property to DAVID A. HERBSTER for the portion of the year of 1978 the property was owned by CARMEN R. CHAPA, for the year 1979 and for that portion of the year 1980 prior to July 1, 1980.

7. CARMEN R. CHAPA failed to keep the Subject Property in good repair and condition.

8. DAVID A. HERBSTER notified CARMEN R. CHAPA, both verbally and in writing, that proof of insurance coverage had not been provided and thereafter he was not provided with proof of coverage.

9. On May 15, 1980 DAVID A. HERBSTER appointed James M. Gerson as Substitute Trustee under the Deed of Trust dated October 26, 1978.

10. The appointment of a Substitute Trustee was recorded on May 28, 1980.

11. On June 6, 1980, James M. Gerson sent CARMEN R. CHAPA notice of the Substitute Trustee's Sale, dated June 5, 1980, scheduled for July 1, 1980 by Certified Mail in a post paid wrapper.

12. The Notice of Substitute Trustee's Sale was sent to 1203 Ahrens, Houston, Texas 77017.

13. On June 6, 1980 and at all times relevant to where a Notice of Substitute Trustee's Sale by foreclosure should be sent, CARMEN R. CHAPA's address was 1203 Ahrens, Houston, Texas 77017.

14. CARMEN R. CHAPA did not take delivery of the letter containing the Substitute Trustee's Notice of Sale.

15. On July 1, 1980, the Subject Property was sold at foreclosure to DAVID A. HERBSTER for a credit of FIFTEEN THOUSAND DOLLARS ($15,000.00) and a Substitute Trustee's Deed to him executed on July 9, 1980 was recorded on July 11, 1980.

16. On July 9, 1980 James M. Gerson, Substitute Trustee, executed his Affidavit that notice was given to CARMEN R. CHAPA and that posting of said notice had occurred. Said affidavit was recorded on July 11, 1980 as part of the Substitute Trustee's Deed.

17. The property's fair market value was FIFTY–FIVE THOUSAND DOLLARS ($55,000.00) on July 1, 1980.

18. CARMEN R. CHAPA filed a Lis Pendens concerning the Subject Property on August 28, 1980 under Harris County Clerk's File No. G–655492.

## CONCLUSIONS OF LAW

1. CARMEN R. CHAPA's failure to pay all ad valorem taxes when due was a breach of a covenant to be performed by the Grantor in the Deed of Trust.

2. CARMEN R. CHAPA's failure to keep the Subject Property in good repair and condition was a breach of a covenant to be performed by the Grantor in the Deed of Trust.

3. CARMEN R. CHAPA's failure to provide proof of insurance coverage on the Subject Property was a breach of a covenant to be performed by the Grantor in the Deed of Trust.

4. Notice given to CARMEN R. CHAPA of the Substitute Trustee's Sale complied with all requirements of Article 3810, V.A.C.S.

5. Notice given to CARMEN R. CHAPA of the Substitute Trustee's Sale complied with all applicable requirements of the Note dated October 26, 1978.

6. Notice given to CARMEN R. CHAPA of the Substitute Trustee's Sale complied with all applicable requirements of the Deed of Trust dated October 26, 1978.

7. CARMEN R. CHAPA's failure to pay all ad valorem taxes, when due, was a default under the terms of the Deed of Trust that authorized maturity of the note dated October 26, 1978, without any notice to the Maker.

8. CARMEN R. CHAPA's failure to keep the Subject Property in good repair and condition was a default under the terms of the Deed of Trust that authorized maturity of the note dated October 26, 1978, without any notice to the Maker.

9. CARMEN R. CHAPA's failure to provide proof of insurance coverage on the Subject Property was a default under the terms of the Deed of Trust that authorized maturity of the note dated October 26, 1978, without any notice to the Maker.

Appellant brings this appeal on seven points of error, quoted from his brief as follows:

1. The court erred in finding that there was sufficient notice to appellant of the fact that appellee was foreclosing his deed of trust because of a non-monetary default.

2. The court erred in finding that the notice to plaintiff was sufficient because even if she had received the attorney's letter it would not have given her notice that the note was being accelerated for a non-monetary default because appellant

would have known that she was paid through July 31, 1980.

3. The court erred in entering judgment in favor of appellee and against appellant for the reason that no notice of intent to accelerate was given to appellant for non-monetary default, as required by the deed of trust.

4. The court erred in not finding that when he accepted, endorsed and negotiated the July 1, 1980 payment, the appellee was estopped from selling the property on July 1, 1980, on the basis that the entire indebtedness had been declared due because of a non-monetary default.

5. The court erred in not finding that there was a defective notice coupled with a gross inadequacy of purchase price.

6. The trial court erred in not entering judgment in favor of appellant for appellant's damages and attorney's fees.

7. The court erred, while sitting as a court of equity, [in failing] to determine that appellant was entitled to judgment setting aside the foreclosure sale.

Appellee asserts two cross-points to be considered only in the event of a reversal contending that the trial court erred (1) in not ordering judicial foreclosure; (2) in not granting the appellee a deficiency judgment in the amount of $401.92 and attorney's fees, as provided for in the promissory note.

■ Although appellant has failed to cite authorities under her first two points, we apply the liberal rules of construction set forth in Rules 418 and 422,[3] and address these points. Chapa asserts that her first point is "germane" to conclusions of law 4, 5 and 6, that her second point is "germane" to conclusions of law 7, 8 and 9, and that her third point is "germane" to conclusions of law 4, 5, 6, 7, 8 and 9. These three points all dealing with appellant's contention that notice of the trustee's sale was not sufficient and that the trial court's conclusions of law "germane" thereto are incorrect will be addressed together.

■ Where there is evidence of probative force to support the findings and judgment of the trial court they are controlling on the reviewing court and will not be disturbed. A trial court's findings of fact are reviewable for legal and factual sufficiency of evidence to support them and conclusions of law are reviewable when attacked as a matter of law, but not on grounds of sufficiency of evidence to support them, as if they were findings of fact. *First Nat'l Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). When specific findings of fact and conclusions of law are filed and a statement of facts is before the appellate court, the findings will be sustained if there is any evidence to support them and the appellate court will review the legal conclusions drawn from the facts found to determine their correctness. 4 R. McDonald, Texas Civil Practice § 16.10(b), p. 29 (1971).

Art. 3810 Sales under deed of trust, provides:

All sales of real estate made under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county, and such notice shall designate the county where the real estate will be sold. *Notice of such proposed sale shall be given by posting written notice thereof at least 21 days preceding the date of the sale at the courthouse door of the county in which the sale is to be made, and if the real estate is in more than one county, one notice shall be posted at the courthouse door of each county in which the real estate is situated.*

*In addition, the holder of the debt to which the power is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt according to the records of such holder. Service of such [written]*

---

**3.** All references to Rules are to Texas Rules of    Civil Procedure unless otherwise indicated.

*notice shall be completed upon the deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of the service.* Such sale shall be made at public vendue between the hours of 10:00 a.m. and 4:00 p.m. of the first Tuesday in any month. (Emphasis added).

The general purpose of the statute is to provide a minimum level of protection for the debtor. *Hausmann v. Texas Sav. & Loan Ass'n,* 585 S.W.2d 796, 799 (Tex.Civ. App.—El Paso 1979, writ ref'd n.r.e.); *Armenta v. Nussbaum,* 519 S.W.2d 673 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The statute affords only constructive notice as opposed to actual notice of the foreclosure.

In the instant case, statutory notice of such proposed sale was posted at the Harris County Courthouse at least 21 days preceding the date of the sale, and the substitute trustee served written notice of the proposed sale by certified mail on the debtor Chapa. Such written notice was accomplished by Gerson mailing a letter to Chapa, with copy of the posted notice, informing her of the foreclosure sale, such letter being enclosed in a postpaid wrapper, properly addressed to Chapa at 1203 Ahrens, Houston, TX 77017 (her most recent address) and deposited in a post office of the U.S. Postal Service. Moreover, Gerson executed and recorded an affidavit of such service. Ac-

cordingly, we find compliance with the statute.

It is appellant's position that, even if she had received the notice given by Gerson, the same was insufficient to indicate that either the note would be accelerated or the property foreclosed. Chapa asserts that in order to post notice of a foreclosure for a non-monetary default such must be specifically stated in the trustee's notice. A foreclosure is reviewed with a presumption that all prerequisites to the sale have been performed and that provisions providing for waiver, presentation and demand are valid. *Phillips v. Whiteside,* 426 S.W.2d 350, 352 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). Moreover, the note and the deed of trust on the property should be construed together and effectively regarded as one instrument. *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex. 1981); *Lockwood v. Lisby,* 476 S.W.2d 871 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.). Enforcement of an acceleration clause in a note or deed of trust upon default must stand a strict scrutiny by the court. *Crow v. Heath,* 516 S.W.2d 225, 228, 229 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

In order for a foreclosure to be characterized as invalid it is required that there be some error in the foreclosure process, such as no notice, no posting or no default; *Tarrant Savings Association v. Lucky Homes, Inc.,* 390 S.W.2d 473 (Tex. 1965). In the instant case no such fundamental error occurred. The evidence adduced shows that Chapa had failed to pay all ad valorem taxes when due, failed to provide proof of insurance coverage and failed to maintain the property in good condition and repair as required by covenants in the deed of trust.[4] The effect of

---

4. The deed of trust provides in pertinent part:
   *Grantors covenant and agree* as follows:

   .    .    .    .    .

   To protect the title and possession of said property and *to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property,* or the interest therein created by this Deed of Trust, . . .
   *To keep the improvements on said property in good repair and condition,* . . .

   *To insure and keep insured all improvements now or hereafter created upon said property against loss or damage* by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by Beneficiary during the term of the indebtedness hereby secured, ... *and to deliver to Beneficiary the policies of such insurance* having attached to said policies such mortgage indemni-

any or all of Chapa's defaults allowed Herbster to mature his obligation *without notice* and to conduct the foreclosure. The note in question in pertinent part provides:

This note shall become immediately due and payable at the *option* of the Payee or other holder hereof, *without presentment or demand or any notice to the Maker* or any other person obligated or to become obligated hereon, upon default in the payment of any installment hereon when due, *upon default under the terms of any security instrument, or if any event occurs or condition exists which authorizes the acceleration of maturity hereof under any agreement made by the Maker.*

\*　\*　\*　\*　\*　\*

The Maker, and all sureties, endorsers, and guarantors of this Note (i) *waive demand,* presentment for payment, notice of nonpayment, protest, notice of protest and *all other notice,* filing of suit and diligence in collecting this Note or enforcing any of the security herefor. (Emphasis added.)

The deed of trust provides in part:

*That in the event of default* in the payment of any installment, principal or interest, of the note hereby secured, in accordance with the terms thereof, *or of a breach of any of the covenants herein contained to be performed by Grantors,* then and in any of such events Beneficiary may elect, Grantors hereby expressly waiving presentment and demand for payment, to declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, and in the event of default in the payment of said indebtedness when due or declared due, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust; ... *and the recitals in the conveyance to the Purchaser or Purchasers [at trustee's sale] shall be full and conclusive evidence*

*of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed,* and such sale and conveyance shall be conclusive against Grantors, their heirs and assigns. (Emphasis added.)

■ The language recited in the note and deed of trust is a definitive waiver of notice. Moreover, the courts have consistently held that where the deed of trust or note provides otherwise notice is not necessary and that at a sale all prerequisites of sale are presumed to be valid. See generally, *Sylvester v. Watkins,* 538 S.W.2d 827 (Tex. Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Whalen v. Etheridge,* 428 S.W.2d 824, 826 (Tex.Civ.App.—Fort Worth 1968, n.r.e.); *Phillips v. Whiteside, supra; Interstate Life Ins. Co. v. Turner,* 371 S.W.2d 913 (Tex.Civ. App.—Waco 1963, writ ref'd n.r.e.). The burden of proof to show that the sale was invalid rests on appellant, and from the evidence adduced Chapa has failed to establish proof of any invalidity.

■ Appellant contends that since the deed of trust contained an optional acceleration of maturity clause in case of default by the maker, the noteholder had a duty to notify the maker in some way that he had exercised his option to mature the value of the note, citing *Covington v. Burke,* 413 S.W.2d 158 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.), and *Jernigan v. O'Brien,* 303 S.W.2d 515 (Tex.Civ.App.—Austin 1957, no writ). These and other cases relied upon by appellant did not involve documents containing waiver of notice provisions and thus are clearly distinguishable. Where, as here, a *waiver of notice* exists such notice of acceleration is dispensed with and all that is required is statutory compliance with Art. 3810. See generally, *Sylvester v. Watkins; Whalen v. Etheridge; Phillips v. Whiteside;* and *Interstate Life Insurance Company v. Turner,* all *supra.*

In determining if there is any evidence to support the trial court's findings, the reviewing court is required only to consider that evidence favorable to the findings and

ty clause as Beneficiary shall direct; ... (Emphasis added.)

judgment rendered thereon and to disregard all evidence to the contrary. *Cavanough v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 977 (Tex.1951); *Mathews v. Warren,* 522 S.W.2d 569, 570 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). We find that there is evidence of probative force to support the trial court's findings of fact and that conclusions of law 4, 5, 6, 7, 8 and 9 drawn therefrom are correct. Appellant's first three points are overruled.

In her fourth point Chapa asserts that Herbster's acceptance, endorsement and negotiation of the July 1, 1980, payment should estop him from proceeding with the foreclosure. Appellant did not plead estoppel. Consequently, it is not necessary to consider this point since Rule 94 specifically requires that estoppel be affirmatively pleaded. *Knebel v. Capital Nat'l Bank in Austin,* 469 S.W.2d 458, 461 (Tex.Civ.App.—Austin 1971, n.r.e.).

Appellant in her fifth point contends that the trial court erred in not finding that there was a defective notice coupled with a gross inadequacy of purchase price. No additional findings were requested in this case and we comport with the rule that such findings that were made will be sustained if there is any evidence to support them. *Matthews v. Warren, supra* at 570. The trial court had the right to consider all facts and circumstances in evidence and to indulge in reasonable inferences to be drawn therefrom in reaching its ultimate findings. Additional findings and conclusions are not required to be prepared and filed by the trial judge where they do not relate to the ultimate or controlling issues, *or* where they conflict with the original findings and conclusions made and filed by the trial judge. *Huber v. Buder,* 434 S.W.2d 177 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.); *Friedman v. Cohen,* 429 S.W.2d 510 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). We have already held that the notice given appellant was sufficient, and from the evidence adduced, we cannot conclude that the purchase price was grossly inadequate. Appellant's fifth point is overruled.

In her sixth point appellant asserts that she should have been awarded damages and attorney's fees. We do not agree. Attorney's fees are allowed by art. 2226 only if claimant finally obtains judgment. *Jay-Lor Textiles v. Pacific Compress Warehouse,* 547 S.W.2d 738, 743 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Under the record and findings of the court herein, the court properly denied appellant a recovery for damages. Appellant's sixth point is overruled.

Appellant in her last point complains that the court did not sit as a court of equity and thereby created reversible error in refusing to consider equitable relief. The note and deed of trust involved in the instant case contained express provisions as to demand, presentment, acceleration of maturity and waiver of notice. Accordingly the rights of the parties are based on contract. We have a case at law in which equity plays no part. *Lockwood v. Lisby, supra* at 875. Appellant's seventh point is overruled.

Judgment of the trial court is affirmed.