TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00676-CV







Herndon Y. Robinson, Appellant


v.


Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN302858, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





O P I N I O N


 Appellant Herndon Y. Robinson appeals from the trial court's granting of summary
judgment in favor of appellee Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. 
We affirm the trial court's judgment.

 In 2000, Robinson took out a mortgage loan from Union Planters Bank to buy a house
that he proceeded to use as his homestead. The original mortgage was for $450,300. In 2001,
Robinson filled out a "Uniform Residential Loan Application," seeking a $570,400 loan to refinance
the mortgage and pay for a $89,528 builder's and mechanic's lien held by TDG Remodeling against
the property. He also signed an "Affidavit and Agreement" stating that he was borrowing $570,400
from Southwest Equities to "refinance outstanding debt against the Property" and an adjustable rate
note stating that he "promise[d] to pay" $570,400 to the lender, Southwest Equities, over a thirty-year term and agreeing to make payments of $5,111.36 per month until 2004, when the interest rate
could change. The loan was secured by a deed of trust executed by Robinson in favor of Southwest
Equities' trustee. The deed states that the loan proceeds used to pay off outstanding liens against the
property were advanced at Robinson's request, that Robinson had represented that the prior loans
were secured by valid liens against the property, and that Southwest Equities "shall be subrogated
to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of
any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by
assignment or are released by the holder thereof upon payment."

 

 Paragraph 27 of the deed of trust provides:


The Note is in renewal and extension, but not in extinguishment, of the indebtedness
described on the attached Renewal and Extension Exhibit which is incorporated by
reference. Lender is expressly subrogated to all rights, liens and remedies securing
the original holder of a note evidencing Borrower's indebtedness and the original
liens securing the indebtedness are renewed and extended to the date of maturity of
the Note in renewal and extension of the indebtedness.


Although Robinson executed a Renewal and Extension Rider at the loan closing, the rider was never
completed and was not attached to the deed; Southwest Equities did not fill in the section following
this statement: "The Note secured hereby is in renewal and extension but not in extinguishment of
that indebtedness, whether one or more, described as follows." Southwest Equities assigned the loan
to Banker's Trust Company, and Saxon Mortgage is the servicer for the loan.

 In August 2003, Robinson filed a petition for declaratory judgment and to quiet title. 
Robinson asserted that because the deed of trust did not attach the renewal rider as an exhibit or
describe the debts being renewed, the "loan does not constitute the refinance of a lien against a
homestead." In other words, he argued that the deed of trust is null and void because on its face it
does not provide enough information to determine whether it is constitutionally valid.

 Saxon Mortgage moved for summary judgment, asserting that it was entitled to
judgment as a matter of law because (1) the loan was constitutional and satisfied the legal
requirements for refinancing a mortgage; (2) Saxon Mortgage had contractual subrogation rights to
the two earlier liens that were paid by the 2001 loan from Southwest Equities; (3) it was entitled to
equitable subrogation because Southwest Equities paid $570,400 to Robinson's original mortgage
lender and mechanic's lien holder; (4) Robinson should not be allowed to seek cancellation of the
loan and still retain the benefits of it; (5) there was a mutual mistake in the loan paperwork because
the renewal rider was mistakenly left blank and omitted from the deed of trust; and (6) Robinson
represented at the loan closing that "the loan was for purposes of refinancing existing liens" against
his homestead and, thus, was estopped from claiming the loan transaction was not a home-refinancing permitted under the constitution. Saxon Mortgage asked that the trial court grant
summary judgment denying all relief requested by Robinson. The trial court signed a final judgment
granting Saxon Mortgage's motion for summary judgment and declaring that Robinson should take
nothing in his suit. On appeal, Robinson argues that the lien created by the deed of trust is
unconstitutional because the deed of trust does not show what loans were renewed and extended;
neither contractual nor equitable subrogation can be a valid basis for a homestead lien under
article XVI, subsection 50(a)(4) of the Texas Constitution; and estoppel, mutual mistake, and the
retention-of-benefits rule are rules of equity and cannot be used to create a constitutionally valid lien. 

 Under the Texas Constitution, a homestead is protected from forced sale for debts
except for certain types of debt, including purchase-money loans, work done on the property (a
"mechanic's lien"), home-equity loans, reverse mortgages, or "the refinance of a lien against a
homestead." Tex. Const. art. XVI, § 50(a). Although subsection 50(a) sets out very detailed
provisions related to home-equity loans and reverse mortgages, it does not provide specifics related
to refinancing loans. Compare id. § 50(a)(6), (g), (k)-(p), (t), with id. § 50(a)(4), (e), (f). 

 The interpretation of a deed of trust is governed by the same rules applied to
contracts. Starcrest Trust v. Berry, 926 S.W.2d 343, 351-52 (Tex. App.--Austin 1996, no writ)
(quoting Sonny Arnold, Inc. v. Sentry Sav. Ass'n, 633 S.W.2d 811, 815 (Tex. 1982)). Further, a deed
of trust is construed along with the note it is intended to secure. Id. at 352 (quoting Chapa
v. Herbster, 653 S.W.2d 594, 600 (Tex. App.--Tyler 1983, no writ)); see Braniff Inv. Co.
v. Robertson, 81 S.W.2d 45, 50 (Tex. 1935) ("[O]ne of the notes carries express notice on its face
that it is part of a loan transaction, each note referring to the other, and the deed of trust to both; and
the contract consisting of all, speaks to the borrower or any holder of the notes, as through one
instrument, the meaning of all their stipulations."). A contract between two parties will "operate to
be and become what the parties intended if not inhibited for reasons of law." Hancock v. Sammons,
267 S.W.2d 252, 256 (Tex. Civ. App.--Fort Worth 1954, writ ref'd n.r.e.). 

 In its motion for summary judgment, Saxon Mortgage asserted that the loan and deed
of trust were constitutionally sound despite the omission of the renewal and extension rider. 
Alternatively, Saxon Mortgage argued that if the deed of trust was determined to be constitutionally
flawed, it was entitled to a lien against the property under principles of equitable or contractual
subrogation or the retention-of-benefits rule. Saxon Mortgage also argued in the alternative that
there was a mutual mistake in the formation of the deed and that Robinson should be estopped from
attacking the refinancing transaction. 

 Although the deed of trust refers to a rider that was not completed or attached, the
note and Robinson's loan application both refer to the debts that were paid by the Southwest Equities
loan and secured by the deed of trust. There is no dispute that both Robinson and Southwest Equities
intended the Southwest Equities loan to refinance and pay off the original purchase money loan, as
well as the home-improvement debt secured by the mechanic's lien, and that both parties intended
to execute documents to properly secure the new loan with the deed of trust. Robinson is correct that
documents are generally construed against the party that prepared them. See, e.g., Oat Note,
Inc. v. Ampro Equities, Inc., 141 S.W.3d 274, 281 (Tex. App.--Austin 2004, no pet.). However, in
so construing documents, we must do it "in such a manner as to reach a reasonable result consistent
with the apparent intent of the parties." Id. In this case, there is no question about the intention of
the parties, and we need not view the deed of trust in isolation from the other documents comprising
the mortgage transaction. The transaction consisted of the deed of trust, the note, and the loan
application, and we may consider all of those documents in our review. See Braniff Inv. Co.,
81 S.W.2d at 50; Berry, 926 S.W.2d at 352. This loan transaction, which unambiguously shows the
agreement between the parties, meets constitutional requirements for a lien against a homestead. See
Tex. Const. art. XVI, § 50(a)(4). 

 Robinson does not contend that the loan itself was constitutionally barred or that
Southwest Equities did not pay off his purchase money and home-improvement loans. He contends
instead that he should be excused from complying with the terms of the Southwest Equities note and
that Saxon Mortgage may not exercise its rights to foreclose on the mortgage following his default. 
We recognize the importance of the constitutional rights involved in homestead protections. 
However, Robinson may not rely on this minor technical defect in a single loan document to avoid
his contractual obligations under a loan transaction where he has received the proceeds of the loan
and secured the debt with a constitutionally valid lien on his homestead. (1) Saxon Mortgage
established as a matter of law that Southwest Equities refinanced the original purchase-money debt,
extended and renewed the purchase-money lien on that debt, and paid off the home-improvement
loan, and that the deed of trust was intended by the parties to secure the Southwest Equities loan. 
We hold that the loan documents are unambiguous and that the deed of trust creates a
constitutionally valid lien. We therefore overrule Robinson's issues on appeal and affirm the trial
court's granting of summary judgment in Saxon Mortgage's favor. 

 

 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed: August 1, 2007
1. As support for his arguments, Robinson points to Cocke v. Conquest, in which the supreme
court stated that the "exemption from forced sale of a homestead is founded upon public policy, and
must be upheld and enforced . . . and has been scarcely without an exception by the courts of this
state, notwithstanding the fact that in doing so they sometimes directly assist a dishonest debtor in
wrongfully defeating his creditor." 35 S.W.2d 673, 678 (Tex. 1931). However, Cocke concerned
a judgment creditor's attempts to place a judgment lien on homestead property. Id. at 674. It did
not involve a purchase-money or other constitutionally approved lien against homestead property.