**TEXAS CITY HOTEL CORPORATION,**
Appellant,

v.

**A. D. WILKENFELD, Appellee.**

No. 4571.

Court of Civil Appeals of Texas.

Waco.

Dec. 22, 1966.

Roland Matthews, Texas City, for appellant.

Crawford, Harris, Martin & Carmona, Ed J. Harris, Galveston, for appellee.

OPINION

WILSON, Justice.

Texas City Hotel Corporation, appellant, sued appellee on a written installment contract whereby the latter subscribed to shares of its common stock, and for which it was alleged he had failed to pay.

Appellee pleaded failure of consideration, alleging he was induced to enter into the agreement by the representations and agreements of appellant's agents and promoters that a community-type hotel would be constructed in the business district of Texas City; that appellant abandoned the project and constructed a motel distant from the business district, on Galveston Bay; that it was not a community-type hotel, but was leased to a national Holiday Inn motel chain. Judgment was rendered for appellee on a non-jury trial.

Our consideration of the case is restricted by appellant's points, which are: that the court erred in overruling its motion for summary judgment; in finding and concluding the motel produced varied sufficiently from the subscription agreement and the prospectus it referred to relieve appellee of liability; and in concluding he was relieved of liability because of violation of Art. 581–1 et seq., Vernon's Ann.Civ.St.

 Where there has been a conventional trial on the merits, as here, the interlocutory order overruling a motion for summary judgment is not reviewable. Ackermann v. Vordenbaum (Tex.Sup.1966) 403 S.W.2d 362, 365.

The trial court made findings of fact to the effect that appellant's agent, Rogers, acting within the scope of his authority, represented that appellant would build a hotel over two stories high within or adjacent to the business district, affording facilities for merchants and professional offices, and that the hotel would be managed and operated "by personnel subject to local authority"; that these representations induced appellee's execution of the agreement; that appellant built a two-story motel seven blocks from the central portion of the city, which is operated by another corporation. The court concluded the "variance" between the representations as to what would be done and what was done was so material as to relieve appellee of liability.

 As we understand appellant's second point, it is contended that, as a matter of fact, what appellant produced did not vary materially from what it promised. The findings of fact are supported by the evidence. It is difficult to perceive either the theory on which the case was tried by the parties, or their position on appeal. After extended argument in support of the stated contention, appellant concludes, "To find there was such a variance may be justified by the record." It then says, apparently, that the variance found is not material.

In our opinion, the subscription was made on what are described as special terms, 1 Hildebrand, Texas Corporations, Sec. 220, p. 480, and there was alleged, proved and found a breach of these material obligations sufficient to authorize rescission by appellee and to relieve him of liability. 1 Hildebrand, Texas Corporations, Sec. 220, pp. 481–486 and authorities cited.

It is unnecessary, consequently, for us to decide appellant's third point concerning the statutory violation. Affirmed.