**SOUTHWESTERN MATERIALS CO.,**
**Appellant,**

v.

**GEORGE CONSOLIDATED, INC., Appellee.**

**No. 571.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 19, 1972.

Rehearing Denied Feb. 9, 1972.

John C. North, Jr., Jack E. A. White, North, Blackmon & White, Corpus Christi, for appellant.

Karl E. Kraft, Bobbitt & Kraft, Houston, for appellee.

BARRON, Justice.

This is a suit on a sworn account for $27,677.30, as stipulated.

George Consolidated, Inc., hereinafter called defendant, contracted with the City of Brownsville and the Counties of Willacy and Cameron to furnish men and equip-

ment in the clean-up after Hurricane Beulah. Defendant thereupon hired the necessary personnel, rented the necessary trucks and supplied other heavy equipment to be put at the disposal of said counties and city under the direction of the respective commissioners and officials. The counties and city were to be billed at an hourly rate by defendant for the use of this equipment and personnel.

Caliche was a necessary element in the restoration work, and the counties, prior to the defendant's entry, had purchased in their own names and stock-piled caliche from various sources. Southwestern Materials Co., hereinafter called plaintiff, is a supplier of caliche. Between October 9 and 12, 1967, Jim Doster, then an employee of defendant, contacted Arthur Strapper, the latter being a partner in plaintiff company, concerning the acquisition of caliche. Plaintiff's stated price was 95¢ a cubic yard.

The ultimate issue in this case is whether or not defendant, George Consolidated, Inc., purchased these materials from plaintiff, Southwestern Materials Co. Plaintiff urges the affirmative alleging the initial contact by Mr. Doster; that trucks furnished by defendant commenced the hauling on October 13, 1967; that Tom Geary, an employee of defendant, instructed daily billing for the caliche, etc. Defendant urges the negative alleging that they ordered the caliche by and through the authority of the county commissioners; that due to the emergency situation brought on by the hurricane, defendant's accountants were in a better position to compile and present the billings to the county for further presentations to the federal Office of Emergency Planning; that the daily dray tickets were necessary for this process; that plaintiff had knowledge that the counties were purchasing the caliche through employees of the defendant; and that Tom Geary and Jim Doster did nothing to imply purchase by defendant.

The jury found that neither Jim Doster nor Tom Geary was authorized by defendant to purchase caliche from plaintiff; that neither did so purchase; and that plaintiff knew or in the exercise of due diligence should have known that the caliche involved was to have been paid for by Cameron and Willacy Counties. Judgment for defendant on the verdict was granted by the trial court.

Plaintiff appeals listing 18 points of error. The first two urge error in overruling motions for summary judgment and for instructed verdict. The next fifteen points urge error in submission of the alleged controlling issues as having insufficient or no support in the evidence, and the trial court's overruling of the motion to disregard certain jury answers was assigned as error. The last point urges error in admitting into evidence the contracts between Willacy and Cameron Counties.

■ Plaintiff claims error in the overruling of his motion for summary judgment. This is an appeal from a judgment tried on the merits by a jury. The denial of such motion for summary judgment is interlocutory and not appealable. City of Shamrock v. Hrnciar, 453 S.W.2d 898 (Tex.Civ.App.-Eastland 1970, writ ref'd n. r. e.); Dickerson v. Mack Financial Corporation, 452 S.W.2d 552 (Tex.Civ.App.-Houston (1st Dist.) 1969, writ ref'd n. r. e.).

■ Plaintiff further contends error in the overruling of his motion for instructed verdict. This ruling will be reviewed on appeal only if it is recited in a formal order or in the judgment. Ellis Drilling Corporation v. McGuire, 321 S.W.2d 911 (Tex.Civ.App.-Eastland 1959, writ ref'd n. r. e.); Lewis v. Smith, 198 S.W.2d 598 Tex.Civ.App.-Fort Worth 1947, writ dism'd). The overruling is not recited in a formal order or in the judgment. Plaintiff's first two points of error are overruled.

The special issues submitted to and answered by the jury concern authorization of Jim Doster or Tom Geary to purchase

caliche from plaintiff to be paid for by defendant; whether Jim Doster or Tom Geary purchased such caliche; and whether plaintiff knew or should have known that the caliche was to be paid for by the respective counties. "Purchased" was defined by the trial court to mean to "buy". All answers were in favor of defendant, George Consolidated, Inc.

Issues were joined on whether defendant, through agents, purchased caliche from plaintiff and whether the alleged purchase was ratified by defendant. Defendant's verified denial of plaintiff's suit on a sworn account negatives his prima facie liability on the account. The duty devolved upon plaintiff to prove his cause of action. Evidence was adduced by plaintiff and defendant which presented material fact issues to be determined by the jury. A directed or instructed verdict would have been improper.

Plaintiff's objection to the submission of the vital fact issues and his motion to disregard the jury's answers here constitute no evidence points, [Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960); Garza v. Alviar, 395 S.W.2d 821 (Tex. Sup.1965)] as well as, of course, his points of "no evidence" to support the jury findings.

[3] In considering all the evidence, it is apparent that there is evidence in the record to support the submission of these issues to the jury. The president of defendant company denied purchase of the caliche, denied that defendant had been paid by the counties for the caliche, and denied that either Geary or Doster had agency authority to bind the defendant company. Doster testified that plaintiff gave him a price for the caliche, but that he did not agree to buy it. There is evidence that the county commissioners authorized purchase for the counties through defendant, and that the dray tickets sent to defendant were to be handled by defendant's accountants as a convenience to the counties in an emergency situation. The price stated by plaintiff was the price to be paid by the counties. If defendant were to be more than a "conduit", a higher price probably would be passed on to the counties by the defendant. It was common knowledge that the counties were purchasing the caliche for restoration work as a result of Hurricane Beulah.

■ Plaintiff did not plead or seek to prove that Doster or Geary had apparent authority to bind appellee for the cost of the caliche. Recovery on such a theory by plaintiff cannot be allowed. The doctrine of apparent authority is based upon estoppel. See Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 427 (1953); Norvell-Wilder Supply Company v. Richardson, 300 S.W.2d 773 (Tex.Civ.App.-El Paso 1957, writ ref'd n. r. e.).

■ A negative answer to these issues does not necessarily mean that defendant did not purchase the caliche; it means only that plaintiff failed to carry his burden of proving this fact. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup.1966). There is competent evidence in the record to warrant submission of the issues. These answers may not be disregarded since the issues answered are controlling and material. Plaintiff's points three through seventeen are overruled.

By its last point, plaintiff urges error in admitting the contracts between the counties and defendant as being hearsay which confused the jury and led to improper findings. Without deciding whether such was hearsay improperly admitted, courts require a showing that such error, if any, "contributed in a substantial way to bring about an unjust result." See Calvert, The Development of the Doctrine of Harmless Error in Texas, 31 Texas L.Rev. 1, 15, 18 (1952); Rule 434, Tex.R.Civ.P.

There is no showing that but for the improper admission, if such was improper, the jury would have reached a different verdict. See Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S. W.2d 379, 382–383 (1952). Plaintiff's final point of error is overruled.

The judgment of the trial court is affirmed.

SAM D. JOHNSON, J., not participating.