**Curtis FERGUSON, Appellant,**

v.

**Houston D. KELLY, et ux, Appellees.**

**No. 09–86–146 CV.**

Court of Appeals of Texas,
Beaumont.

March 5, 1987.

Thomas Harmon, Douglas & Elms, Inc., San Antonio, for appellant.

Randy E. Drewett, Law Offices of Perry R. McPherson, Port Arthur, for appellees.

## OPINION

DIES, Chief Justice.

This is a lawsuit in the nature of a trespass to try title suit, wherein Curtis Ferguson, as plaintiff below, sued Houston D. Kelly, et ux, and the City of Port Arthur, as defendants below, claiming title to certain realty in Port Acres, Jefferson County, and also contending the existence of an express and implied easement dedicated by a common grantor to plaintiff, the City of Port Arthur, and the public generally.

Trial was to the Court which found title to be in the Kellys, and specifically:

(a) Defendants Kelly and wife have fee simple title to the property in question.

(b) City of Port Arthur has no right, title or claim to a right-of-way or easement with regard to the property in question.

(c) Plaintiff Ferguson has no right, title or claim to ownership of the property in question.

By "property in question" in (a), (b), and (c) above we mean the East 435.6 feet of the South 25 feet of Lot 5 in Block 27 of Port Acres.

The Court's judgment also decreed plaintiff Ferguson "has no right, title or claim to a right-of-way or easement of any type" to the South 50 feet of Lot 5 in Block 27 of Port Acres. From this judgment, plaintiff has perfected appeal to this Court. The City of Port Arthur has not appealed.

Plaintiff advances four points of error. Two points concern the trial court's failure to grant plaintiff a summary judgment. The other two contend plaintiff has title and a right-of-way easement.

■ We first dispose of the two points of error embracing the refusal of the Court to grant plaintiff a summary judgment. When a party moves unsuccessfully for summary judgment and subsequently loses on a conventional trial on the merits, the order overruling the motion is not reviewable on appeal. 4 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 17.26.13, at 221 (Rev.Vol.1984); *Motor 9, Inc. v. World Tire Corp.,* 651 S.W.2d 296, 299 (Tex.Civ. App.—Amarillo 1983, writ ref'd n.r.e.), citing *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966), and *Texas City Hotel Corp. v. Wilkenfeld,* 410 S.W.2d 860, 861 (Tex.Civ.App.—Waco 1966, no writ); *Southwestern Materials Co. v. George Consolidated, Inc.,* 476 S.W.2d 454, 455 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). These two points of error are overruled.

By date of June 3, 1948, N. Ledet and wife sold "N.L.C. Ferguson and Oma Ferguson, husband and wife, ... Lots Numbered One (1) and Two (2), in Block Number Twenty-eight (28), of Port Acres...." N.L.C. and Oma are the parents of plaintiff. N.L.C. Ferguson, "in settlement of community property belonging to the parties", on the 25th of February, 1955, conveyed a one-half (½) interest in and to this property to Oma, plaintiff's mother.

L.W. Lloyd on the 4th of October, 1957, quitclaimed to defendant Kelly Lloyd's

right, title and interest in "[t]he South Fifty Feet (S. 50′) of Lot Number Five (5), in Block Number Twenty-seven (27), of Port Acres...."

While appellees unequivocally state: "It must be pointed out that the record title owner of the south twenty-five feet (S. 25′) of the fifty foot (50′) strip was Oma Ferguson, mother of Appellant",[1] and appellant does not challenge this statement, nevertheless we have in our Transcript (p. 85) a deed from Oma Ferguson, "a feme sole", to Curtis Ferguson (plaintiff) covering "Lots Numbered One (1) and Two (2) in Block Number Twenty-eight (28), of Port Acres...."

■ In point of fact, we have been unable to determine if either party has a record title to the land in controversy. It is axiomatic in Texas law that a plaintiff's right to recover, in a case such as ours, depends on the strength of his own title, not on the weakness of his adversary. The defendant is not required to show title in himself, nor may the plaintiff rely on the defendant's failure to do so. Although the defendant may have specially pleaded a title which he fails to establish, the plaintiff may not recover unless his own title is affirmatively disclosed. *See* 56 TEX. JUR.2d *Trespass to Try Title* sec. 7 (1964), and the many authorities cited therein.

So, while much of appellant's brief is devoted to the inadequacies of appellees' proof of adverse possession, the question is whether the trial court's findings are supported by *any* proof. 4 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 16.10(b), at 34 (Rev.Vol.1984); *Southern v. Glenn*, 677 S.W.2d 576 (Tex.Civ.App.—San Antonio 1984, writ ref'd n.r.e.); *Chapa v. Herbster*, 653 S.W.2d 594 (Tex.Civ.App.—Tyler 1983, no writ); *Jackson v. Henninger*, 482 S.W.2d 323, 326 (Tex.Civ.App.—Austin 1972, no writ).

"In a non-jury trial wherein the court has filed findings of fact and a statement of facts has been filed, the court's findings will be sustained if there is any evidence to support them."
*Jackson v. Henninger, supra.*

In *Bywaters v. Gannon*, 686 S.W.2d 593 (Tex.1985) our Supreme Court stated:

"Also, the question of adverse possession normally is a question of fact, so only in rare instances is a court justified in holding that adverse possession has been established as a matter of law."

■ In the case at bar, the trial court heard evidence of fencing, notice, use, taxes paid, construction and granting permission for use of the property by other parties. The authorities we have cited herein make him the trier of the facts, and authorize him to decide title in defendant, and that plaintiff had no easements. All points of error are overruled.

The judgment of the trial court is affirmed.

Affirmed.

BROOKSHIRE, Justice, concurring.

Upon the record before us, I concur in the results. The Appellees, in their brief, concede this:

"The fact of the matter is that Oma Ferguson, Appellant's mother, who was not made a party to this lawsuit, is the record owner of the south twenty-five feet (S 25′) of the fifty foot (50′) strip."

Appellees also concede that it is Oma Ferguson who has the proper legal standing and status to contest the rights, title, and ownership of Appellees. I agree that Oma Ferguson was a necessary, if not indispensable, party to this litigation. However, no point of error is addressed to that proposition.

Nevertheless, in my opinion, it is glaringly clear that Oma Ferguson's rights, title and interest are not affected, in any degree, by the trial court's judgment or this litigation or this appeal.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority is quite correct legally. *Hejl v. Wirth*, 161

---

**1.** Of course she was never made a party to this suit.

Tex. 609, 343 S.W.2d 226 (1961), still governs trespass to try title suits. It holds both that a plaintiff must recover on the strength of his own title and that the effect of a take-nothing judgment against a plaintiff is to vest title in the defendant. Our Supreme Court should address and change the latter rule.

It is archaic, in my humble opinion, to vest title in a party-defendant simply because the plaintiff has not shown title. If the defendant is to be vested with title, he should be required to plead and prove the manner in which he is asserting it.

Neither the pleadings nor evidence sustains the trial court's finding that the defendants are the record owners. Similarly, there is insufficient evidence to sustain the trial court's finding that the defendants adversely possessed the land. Nevertheless, the majority holds that the trial court properly found that the plaintiff failed to prove his title and, therefore, as a legal result, title vested in the defendant.

In *Permian Oil Co. v. Smith*, 129 Tex. 413, 73 S.W. 490, 496 (1934), modified on other grounds, 107 S.W.2d 564 the court reasoned that this rule was "but an application of the provision of the statute to the effect that any final judgment in an action to recover real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming through or under him, by title arising after the commencement of the action. *Article 7391*, R.S. 1925 [now *TEX. PROP.CODE ANN. sec. 22.003* (Vernon 1984)]¹." The fallacy of this rationale for the rule is that by allowing a defendant to recover solely on a not guilty plea he has been relieved of the normal burden of establishing his title or right to possess the litigated property. The statute was intended to estop losing plaintiffs or cross-claimants from pursuing further litigation, not to aid a defendant or cross-defendant in establishing good title. *Houston Chron-*

*icle Pub. Co. v. Bergman*, 128 S.W.2d 114 (Tex.Civ.App.—Houston 1939, writ dism'd judgmt cor.).

The Supreme Court originally recognized that the title that vested in a defendant upon the plaintiff's failure to prove his claim was nothing more than that held by the plaintiff. *Wilson v. Swasey*, 20 S.W. 48, 49 (Tex.1892). In most cases it would be fair to assume that a plaintiff's failure results from a defect in his claim, thus rendering the defendant's title by virtue of the case less than certain as to other claimants. *But see, Turner v. Land*, 472 S.W.2d 853 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.). It, therefore, makes little sense to hinge the defendant's claim to property upon another party's failure to prove his right to it since the loser's failed interest is all that passes under the rule. Unfortunately, judicial evolution of the *Hejl* rule has resulted in judgments that actually declare title to be in the defendant. *Hancock v. Booker*, 608 S.W.2d 811, 816 (Tex.Civ.App.—Waco 1980, writ ref'd n.r. e.). This is a far cry from merely recognizing that the effect of a take nothing judgment is to make the defendant's claim unassailable by the plaintiff and unnecessarily clouds title to the property. Moreover, I find nothing in our Rules of Civil Procedure that supports declaring title to be in a defendant on a not guilty plea unless proof accompanies that plea.

Those rules that deal most specifically with trespass to try title cases, *TEX.R. CIV.P. 783–809*, support this conclusion. A not guilty plea, without qualification, is an admission that the defendant is either in possession of the premises sued for or that he claims title to the disputed property. *TEX.R.CIV.P. 790. Rule 789* requires that a limitations claim be specially pleaded. Thus, if the defendant claims either by adverse possession or title he has implicitly cross claimed for relief. *Rule 795* incorporates the rules of pleading, practice, and evidence for civil cases generally in the trial of a trespass to try title case. Allow-

---

**1.** *TEX.PROP.CODE ANN. sec. 22.003* provides: "A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated."

ing recovery on the strength of a pled, but unproved claim, is foreign to our civil practice and violates due process. For that reason I would hold that even the more limited application of the rule that passes title as between the losing plaintiff and defendant abrogates the rules of procedure. *Hejl v. Wirth, supra,* its ancestry and progeny, should be overruled concerning the effect of a take nothing judgment in a trespass to try title case so that this area of the law is consonant with modern practice.

In departing from current law, I would reverse and render a take nothing judgment against both parties. Staying within current law, I would reverse the judgment and order a remand for the trial court's entry of a take nothing judgment against the plaintiff without affirmatively entering a judgment vesting title in the defendants based upon their strength of title.

For the reasons stated, I respectfully dissent and implore the Supreme Court of Texas to overturn and abandon *Hejl v. Wirth, supra.*

