George William NASH, Appellant,

v.

CIVIL SERVICE COMMISSION, PALESTINE, Texas: Police Department Of Palestine, Texas: and The City of Palestine, Texas, Appellees.

No. 12–91–00233–CV.

Court of Appeals of Texas, Tyler.

Oct. 20, 1993.

Jim Lane, Fort Worth, for appellant.

Charles W. Nichols, Palestine, for appellees.

RAMEY, Chief Justice.

This appeal arises out of the district court's affirmance of the Palestine Civil Service Commission's decision upholding the Palestine Police Chief's suspension of Appellant George William Nash ("Nash") from employment for an indefinite period of time. Nash raises seven points of error on appeal. We will **affirm**.

1. All further section number references shall be to the current edition of the Texas Local Government Code unless otherwise specified.

2. In *Firemen's and Policemen's Civil Service Commission v. Brinkmeyer,* 662 S.W.2d 953, 955 (Tex.1984), the Texas Supreme Court stated that

On March 29, 1990, Nash, received written notice from the Chief of Police of Palestine that he had been suspended from employment with the Department for an indefinite period of time. On April 6, 1990, Nash appealed the decision to the Palestine Civil Service Commission ("Commission"). The Commission set the hearing date on Nash's appeal for April 16th. Subsequently, upon Nash's request, the Commission agreed to postpone the hearing for eleven days, so that Nash's legal counsel could be present. Thus, on April 27th, the hearing commenced as then scheduled, but was continued until May 1, 1990 to allow counsel for both sides to brief a contested issue. On May 1st, the hearing reconvened, and following evidence and arguments, the Commission went into executive session, then returned, and announced its decision affirming the Police Chief's suspension of Nash. Thereafter, on May 11, 1990, the `Commission signed an order memorializing its decision, and on May 18, 1990, Nash appealed that decision to the district court pursuant to Tex.Loc.Gov't Code Ann. § 143.010 (Vernon 1988)[1].

On October 4, 1990, Nash moved for summary judgment on the grounds that the Commission's order was null and void because the Commission had no jurisdiction to issue its written decision more than 30 days after Nash filed his notice of appeal. Since Nash had given his notice of appeal on April 6, 1990, he argued that Monday, May 7, 1990, was the last day the Commission was authorized to enter its written order. On March 22, 1991, the court denied Nash's motion for summary judgment. Following a bench trial[2], the trial court affirmed the Commission's decision and entered an order to that effect on May 3, 1991. Thereafter, upon Nash's request, the trial court entered its findings of fact and conclusions of law.

By his first point of error, Nash alleges that the trial court erred in failing to grant the summary judgment because he

although the predecessor statute to § 143.053 had authorized a review by trial de novo, the district court's de novo review of Commission order was to be conducted under the substantial evidence rule rather than by a new trial.

established as a matter of law that the Commission did not have jurisdiction to enter the written order. In Texas, when a party unsuccessfully moves for summary judgment and subsequently there is a trial on the merits, the order overruling the motion is not reviewable on appeal. 6 R. McDONALD, TEXAS CIVIL APPELLATE PRACTICE § 28:3 (1992); *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *Brownsville Navigation Dist. v. Izaguirre,* 800 S.W.2d 244, 249 (Tex. App.—Corpus Christi 1990, *rev'd in part on other grounds,* 829 S.W.2d 159 (Tex.1992)); *Ferguson v. Kelly,* 728 S.W.2d 397, 398 (Tex. App.—Beaumont 1987, no writ); *Jones v. Hutchinson County,* 615 S.W.2d 927, 930 (Tex.Civ.App.—Amarillo 1981, no writ). The point of error is overruled.

We will next address Nash's third point of error in which he alleges that the trial court erred in finding that the Civil Service Commission on May 1, 1990 voted in public because this finding is against the great weight and preponderance of the evidence. Nash argues that because of the legislature's use of the word "shall" in subsection (d), the provision is mandatory, and failure to comply with a mandatory provision of § 143.053 renders the Commission's decision void.

■ Upon judicial review by the district court, there is a rebuttable presumption that the Commission's order is valid. *Firemen's and Policemen's Civil Service Commission v. Shaw,* 306 S.W.2d 160 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.). On appeal, we must consider all of the evidence on this point, and we will set aside the trial court's judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

Section 143.053(d) provides: "The commission may deliberate the decision in closed session but may not consider evidence that was not presented at the hearing. The commission shall vote in open session." At trial, the only evidence introduced to show whether the Commission voted in open session was provided by the transcript from the Commis-

sion's hearing on May 1, 1990. This transcript provided in relevant part:

COMMISSIONER GRAGG: The Commission will reconvene. The Commission's considered the evidence and the argument of counsel and also the punishment imposed. While there was some question about the appropriateness of the punishment, *the commission is of the opinion that there is sufficient evidence to support the ruling and holding of the Chief.* And after consultation with counsel, *it was decided* that we had no legal authority to order a punishment that was acceptable to the Commission and that was within the law. Accordingly, *the findings of the Chief are sustained.* Does any commissioner have anything to add? (emphasis added)

COMMISSIONER ORLOFF: No, Sir.

COMMISSIONER MAFFITT: No.

COMMISSIONER GRAGG: The meeting is adjourned.

■ Although he cites no authority for his position, Nash argues that this excerpt from the Commission's hearing proves that no open vote was taken in compliance with the requirements of subsection (d). We disagree. Although the term "vote" is not defined within Chapter 143, Section 311.011(a) of the CODE CONSTRUCTION ACT [3] states that "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." Common definitions of the verb "vote" are "[to] express one's preference for; endorse by a vote," "to declare or pronounce by general consent," AMERICAN HERITAGE DICTIONARY 1356 (2nd col. ed. 1982); "to enact, elect, establish, or determine by vote," or "to declare or decide by general consent." RANDOM HOUSE COLLEGE DICTIONARY 1476 (rev. ed. 1975).

In construing a statute, § 311.021 of the CODE CONSTRUCTION ACT provides that in enacting a statute, "a just and reasonable result is intended." Furthermore, § 311.023 of the CODE CONSTRUCTION ACT provides that a court may consider among other things, "common law or former statutory provisions,

---

3. TEX.GOV'T CODE, Ch. 311 (Vernon 1988).

including laws on ... similar subjects." In *Board of Trustees v. Cox Enterprises, Inc.,* 679 S.W.2d 86 (Tex.App.—Texarkana 1984, *rev'd in part on other grounds*), the court interpreted a similar provision found in the "Open Meetings Act," TEX.REV.CIV.STAT.ANN. art. 6252–17, § 2(*l*). After noting the importance of the open-meeting vote required by the Open Meetings Act, the court stated:

> We wish to make it clear, however, that the Act does not prohibit members in an executive session from expressing their opinions on an issue or announcing how they expect to vote on the issue in the open meeting, so long as the actual vote or decision is made in the open session. A contrary holding would debilitate the role of the deliberations which are permitted in the executive sessions and would unreasonably limit the rights of expression and advocacy.... *Substantial compliance with the Act's provisions is sufficient, [citations omitted] ... Substantial compliance requires that in each instance or proceeding the statutory mandate is followed sufficiently to reasonably carry out the intent and purpose of the statute.* [citations omitted]. (emphasis added)

*Cox Enterprises Inc.,* 679 S.W.2d at 89.

In the instant case, while it appears that the Commission had reached a tentative decision in executive session and that the tentative decision was announced in open session, each of the three commissioners had the opportunity to comment on the case and cast a vote contrary to that decision. Nevertheless, Commissioners Orloff and Maffitt declined to comment further on their decision or vote contrarily, and they consented to pronouncement of the vote as expressed by Commissioner Gragg. This case will not be reversed on the fine distinction between the voting requirements of Section 143.053(d) and the procedure followed by the Commission here. We hold that there was substantial compliance with the requirements of subsection 143.053(d). Nash's third point of error is overruled.

We will next address Nash's fifth point of error in which he alleges that the trial court erred in basing its opinion on the conclusion

that Plaintiff's request for a continuance from the original setting of the hearing pursuant to § 143.053(b) entitled the Commission to a comparable extension of time within which to conclude its proceedings. Section 143.053(b) provides:

> If a suspended fire fighter or police officer appeals the suspension to the commission, the commission shall hold a hearing and render a decision in writing within 30 days after the date it receives notice of appeal. *The suspended person and the commission may agree to postpone the hearing for a definite period.*[4] (emphasis added)

Nash argues that this thirty-day provision is a mandatory jurisdictional limitation set by statute, and cites several pre-amendment cases in support of his position. This argument fails for two reasons.

First and foremost, the jurisdiction of a tribunal cannot be extended by agreement or consent of the parties nor by the court and the sole party to an action, since it exists not by agreement but by virtue of the constitution and statutes as a matter of law. *See* 16 TEX.JUR.3D, *COURTS* §§ 35 and 44 (1981); *Withers v. Patterson,* 27 Tex. 491 (1864); *Daniel v. Dallas Independent School District,* 351 S.W.2d 356 (Tex.Civ.App.—El Paso 1961, ref'd n.r.e.); *Scheetz v. Bader,* 251 S.W.2d 427 (Tex.Civ.App.—Galveston 1952, writ ref'd). Thus, a statutory provision is not jurisdictional if it allows the tribunal and a party to agree to postpone or extend the time within which a tribunal is ordinarily required to resolve a dispute. Since, as now written, § 143.053(b) allows the parties to extend the hearing for a "definite period of time," the 30 day provision of that section is not jurisdictional. If the legislature intended for the 30 day limitation to be jurisdictional, the 1987 amendment to § 143.053(b) should be redrafted to achieve that purpose.

Second, although Nash would have us strictly interpret § 143.053(b) to allow postponement of the hearing only, the Code Construction Act, prohibits such an interpretation. Under subsection (b), the Commission is required to hold a hearing *and* render a

---

4. This subsection was amended by the legislature in 1987 to include the italicized portion.

written decision within thirty days after receipt of a notice of appeal, *unless* a postponement "for a definite period" is agreed to by the Commission and the suspended person. This provision sets no restriction on the *length* of the "definite period." Section 311.-021 of the Code Construction Act provides:

> In enacting a statute, it is presumed that:
>
> (1) compliance with the constitutions of this state and the United States is intended;
>
> (2) **the entire statute is intended to be effective;**
>
> (3) **a just and reasonable result is intended;**
>
> (4) **a result feasible of execution is intended;** and
>
> (5) public interest is favored over any private interest.
>
> (emphasis added).

Here, interpreting the postponement provision of § 143.053(b) too narrowly, as suggested by Nash, would, under certain circumstances, make compliance with § 143.053(d) impossible. For example, the agreed-to "definite period" of postponement allowed by subsection (b) could result in an agreement to convene the hearing outside the thirty-day limitation. Thus, unless the postponement provision is interpreted to postpone issuance of the written decision also, postponement of the hearing could produce the anomalous result of requiring the Commission to issue a decision before any evidence was presented. Since under § 143.053(d), the Commission is required to consider only the evidence presented *at the hearing,* Nash's interpretation of subsection (b) would make compliance with subsection (d) impossible under these circumstances, and is therefore, contrary to Texas Gov't Code Ann. § 311.001 et seq. (Vernon 1988) (hereinafter the "Code Construction Act"). Accordingly, we construe the postponement provision of § 143.053 to postpone issuance of the written decision for the same definite period of time as the hearing.

For these reasons, we hold that the Commission's written decision of May 11, 1990 was timely. Nash's fifth point of error is overruled.

Nash's second and fourth points of error allege that the trial court erred in finding that the decision of the Commission was "written" on a stenographic machine by a certified shorthand reporter, and its finding that a stenographically recorded decision satisfied the specific requirements of § 143.053. Similarly, Nash's sixth and seventh points of error attack the trial court's findings concerning "reasonable answer time" and estoppel. Having found that the Commission's written decision was timely under § 143.053 in point of error five above, we need not address these points.

The judgment of the trial court is **affirmed.**